IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*<br><br>　　　　　Plaintiffs,<br>　v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*<br><br>　　　　　Defendants. | Case No. 1:25-cv-12249-WGY |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR EXPEDITED BRIEFING SCHEDULE

### INTRODUCTION

Plaintiffs have requested that this Court enter an order directing Defendants to file their opposition to Plaintiffs' motion for Preliminary Injunction or, in the Alternative, For Summary Judgment or Consolidation Under Rule 65(a)(2), ECF No. 15 ("PI Motion"), by August 21, 2025, and for this Court to rule on that PI Motion by September 2, 2025. ECF No. 22. Such a schedule would provide little meaningful opportunity for Defendants or the Court to consider and address the relevant issues raised by Plaintiffs' nearly 350-page submission. And Plaintiffs make this request without any particularized showing that such an expedited schedule is necessary. This Court should accordingly reject Plaintiffs' motion in light of the complexity of the issues raised by Plaintiffs' lengthy filing, the lack of demonstrated urgency, the availability of counsel, and the need for consultation and coordination among multiple involved governmental entities prior to submission of Defendants' response.

**ARGUMENT**

I. **EXPEDITED BRIEFING IS UNWARRANTED**

By this action, Plaintiffs challenge the Secretary of Energy's formation of a Climate Working Group ("CWG"). They allege that the CWG operated in contravention of the Federal Advisory Committee Act ("FACA"), and seek both to enjoin its operations and prevent the Department of Energy ("DOE") and Environmental Protection Agency ("EPA") from relying on a report it generated last month. *See* PI Motion at 1. Yesterday, Plaintiffs filed their PI Motion, along with over 300 pages of supporting declarations and exhibits, *see* ECF Nos. 15-21. In their motion, Plaintiffs request that this Court effectively dissolve the CWG and prevent Defendants from relying on or citing its July 23 report. Plaintiffs also seek to enjoin the agencies' September 2, 2025, deadline for public comment on the CWG report, and the September 22, 2025, deadline for public comment on EPA's July 29, 2025 notice of proposed rulemaking regarding a 2009 greenhouse gas endangerment finding. *See id.* Plaintiffs ask that the Court alternatively treat their motion as one for summary judgment or that it consolidate their motion with a trial on the merits under Fed. R. Civ. P. 65(a)(2). PI Motion at 18. Because Plaintiffs style their motion as one for a preliminary injunction or summary judgment and urge the Court to grant final judgment in their favor at this early juncture, *see id.*, the Local Civil Rules for this district would ordinarily provide Defendants with 21 days—until September 4, 2025—to file their response. *See* L.R. 56.1. Because the default schedule contemplated by the local rules provides time for the parties to complete briefing on Plaintiffs' motion in an orderly fashion before EPA's September 22, 2025, public comment deadline, Defendants submit that adherence to the schedule contemplated by the local rules is appropriate.

Plaintiffs nonetheless seek a highly expedited schedule, with Defendants' response due August 21, 2025; Plaintiffs' reply due August 26, 2025; a hearing set for between August 27 and August 29, 2025; and a decision by September 2, 2025. But beyond observing that public comment is due on

2

EPA's proposed rule by September 22, 2025, and on the CWG report itself by September 2, 2025,[1] Plaintiffs offer no reason why such a highly expedited schedule is warranted. *See* ECF No. 22 at 1. Indeed, Plaintiffs' submission confirms that they are currently in possession of the CWG report itself. Thus, they are already free to submit comments on it or on EPA's notice of proposed rulemaking at any time. *See* ECF No. 17-1 (attaching a copy of the CWG report). Plaintiffs fail to demonstrate that their ability to publicly comment will be meaningfully foreclosed by adherence to the briefing schedule contemplated by the local rules, or that they will suffer any harm from proceeding on a more reasonable briefing schedule. That is particularly so since Plaintiffs already request that the Court enjoin Defendants from ultimately relying on the CWG report in their PI motion. ECF No. 16-1 at 1.

By contrast, Defendants will be meaningfully prejudiced by the accelerated schedule Plaintiffs propose. Plaintiffs' submission comprises nearly 350 pages and raises complex issues relating to the applicability and substantive requirements of FACA, the limitations on remedies available for FACA violations, and the scope of relief generally. *See generally*, PI Motion. These claims will require detailed analysis of the formation, structure, organization, and operation of the CWG, as well as discussion of multiple jurisdictional and justiciability-related issues raised by the sweeping relief sought by Plaintiffs. Adherence to the default schedule provided by the local rules will enable the Government to more fully address those issues to the benefit of the parties and the Court.

Additionally, this case necessarily requires extensive consultation and coordination among multiple governmental entities, making the expedited response time sought by Plaintiffs difficult to achieve. This is particularly so in light of the competing personal and professional obligations of

---

[1] Undersigned counsel has asked the Department of Energy whether the Department may be amenable to voluntarily extending the September 2, 2025 deadline for public comment on the CWG report to alleviate any alleged urgency faced by Plaintiffs, and will submit a supplemental notice informing the Court in the event that the deadline is extended.

undersigned counsel for the Government, who was assigned to this matter this morning and will require additional time to consult with the Defendant agencies and familiarize himself with the facts and legal questions at issue. Among these responsibilities, undersigned counsel is also lead counsel for the Government on another matter with briefing pending before this Court—*Equal Means Equal v. Trump*, No. 1:25-cv-10806-WGY (D. Mass.)—where a reply brief is due on Monday, August 18, 2025, and oral argument is set for September 15, 2025. *See also* L.R. 40.2 (providing that in the event of conflicting court appearances in civil cases, "the case having the earliest docket number shall take precedence over the others."). The undersigned is also lead counsel on two matters pending in the Eastern District of North Carolina, where summary judgment hearings are scheduled for August 26, 2025, in Elizabeth City, NC. *See* Minute Order of August 1, 2025, *Perdue Farms I v. Chavez-DeRemer*, No. 5:24-cv-477-BO-RJ (E.D.N.C.); Minute Order of August 1, 2025, *Perdue Farms II v. Chavez-Deremer*, No. 5:24-cv-594-BO-RJ (E.D.N.C.). Additionally, undersigned counsel recently celebrated the birth of his daughter and is scheduled to take personal leave to introduce his daughter to immediate family in Michigan from September 2-8, 2025, before departing on parental leave for twelve weeks beginning on October 20, 2025.

Despite these conflicts, Defendants are prepared to move forward on the ordinary schedule contemplated by the Local Rules, filing their response by September 4, 2025, with Plaintiffs' reply due 14 days thereafter, in accordance with Local Rule 56.1. Such a schedule will still enable resolution of Plaintiffs' Motion prior to closure of the September 22, 2025, EPA comment deadline referenced in Plaintiffs' motion to expedite, and will afford the Court and the parties time to adequately brief and consider the questions of law and fact raised by Plaintiffs' PI Motion.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion for an expedited briefing schedule.

Dated: August 15, 2025					Respectfully submitted,

										BRETT A. SHUMATE
										Assistant Attorney General

										ELIZABETH J. SHAPIRO
										Deputy Branch Director

										/s/ *Andrew J. Rising*
										ANDREW J. RISING (D.C. Bar No. 1780432)
										Trial Attorney
										United States Department of Justice
										Civil Division, Federal Programs Branch
										1100 L Street, NW, Rm. 12520
										Washington, D.C. 20005
										Phone: (202) 514-0265
										E-mail:   andrew.j.rising@usdoj.gov

										*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this Memorandum with the Court's ECF system, which sends notice to Plaintiffs' Counsel identified on the NEF.

										/s/ *Andrew Rising*
										ANDREW J. RISING