IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>     v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br><br>          *Defendants*. | Case No. 1:25-cv-12249 |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR EXPEDITED BRIEFING SCHEDULE**

An expedited briefing schedule on Plaintiffs' motion is warranted given the upcoming September 2, 2025 deadline for comments on the Climate Working Group (CWG) Report. As Plaintiffs have explained, the Federal Advisory Committee Act gives Plaintiffs a statutory right to access records of the CWG, and Plaintiffs need those records to submit informed comments on the CWG Report by the September 2 deadline. *See* PI Mem. 13-14, 16, ECF No. 16.

Defendants oppose an expedited schedule on the ground that they require additional time to prepare a response. But Plaintiffs did not set the September 2 deadline; the Department of Energy (DOE) did. DOE is the one who is insisting on expedition unnecessarily, and if the agency requires additional time to prepare a response, nothing prevents it from simply extending the comment deadline. Indeed, EPA has already extended the related deadline for comments on its proposed rescission of the Endangerment Finding from September 15 to September 22, and is still considering multiple parties' requests for substantially longer extensions. There would thus appear to be no reason why DOE needs to receive comments on an expedited timeframe on such complex and important issues by September 2.

Defendants also incorrectly contend that Plaintiffs have not made a "particularized showing" that an expedited schedule is necessary. Opp. 1. As noted, Plaintiffs have explained that they need the records to submit informed comments by the deadline. Congress passed FACA specifically to enhance "the public accountability of advisory committees," *Pub. Citizen v. DOJ*, 491 U.S. 440, 459 (1989), and it sought to do so by imposing "a statutory duty to ensure transparency" of advisory committee records and meetings, *Nat'l Ass'n of Consumer Advocs. v. Uejio*, 521 F. Supp. 3d 130, 135 (D. Mass. 2021). That purpose would be completely undermined if Defendants were allowed to shut off comments on the CWG's Report before Plaintiffs and the public have access to the information that FACA requires Defendants to disclose.

By contrast, Defendants have not provided particularized reasons why they require 21 days to respond to Plaintiffs' motion. As an initial matter, because Plaintiffs are principally moving for a preliminary injunction and seek summary judgment only in the alternative, the standard response time is 14 days, not 21 days. *See* L.R. 7.1. Moreover, the legal issues in this case are straightforward. As the motion explains, once it is established that the CWG is an advisory committee, there can be no dispute that Defendants violated FACA's requirements. *See* PI Mem. 12-16.

Accordingly, the Court should grant Plaintiffs' motion for an expedited briefing schedule. Alternatively, Defendants' counsel has noted that he has asked DOE whether it may be amenable to extending the comment period, *see* Opp. 3 n.1, and if it does so, Plaintiffs would have no objection to extending the briefing schedule, so long as briefing concludes in time for this Court to rule on the motion before comments are due.

| | |
|---|---|
| August 18, 2025 | Respectfully submitted, |
| /s/ Megan M. Herzog | /s/ John Robinson |
| *Sean H. Donahue (D.C. Bar. 450940)* | Daniel F. Jacobson (D.C. Bar 1016621)* |
| Megan M. Herzog (BBO No. 682948) | Lynn D. Eisenberg (D.C. Bar 1017511)* |
| DONAHUE, GOLDBERG & HERZOG | John Robinson (D.C. Bar 1735989)* |
| 1008 Pennsylvania Avenue, SE | JACOBSON LAWYERS GROUP PLLC |
| Washington, DC 20003 | 1629 K Street NW, Suite 300 |
| (202) 277-7085 | Washington DC, 20006 |
| sean@donahuegoldberg.com | (301) 823-1148 |
| megan@donahuegoldberg.com | dan@jacobsonlawyersgroup.com |
| | lynn@jacobsonlawyersgroup.com |
| | john@jacobsonlawyersgroup.com |
| *Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists* | *Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists* |
| | Vickie L. Patton (CO Bar 30370)* |
| | ENVIRONMENTAL DEFENSE FUND |
| | 2060 Broadway, Suite 300 |
| | Boulder, CO 80302 |
| | (720) 837-6239 |
| | vpatton@edf.org |
| | Erin Murphy (FL Bar 1000501)*^ |
| | ENVIRONMENTAL DEFENSE FUND |
| | 555 12th St NW, Suite 400 |
| | Washington, D.C. 20004 |
| | (202) 572-3525 |
| | emurphy@edf.org |
| | *Counsel for Plaintiff Environmental Defense Fund* |
| | *Admitted Pro hac vice |
| | ^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3) |

## CERTIFICATE OF SERVICE

I certify that I have filed this reply with the Court's ECF system, which sends notice to Defendants' counsel identified on the notice of electronic filing.

*/s/ John Robinson*
