IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-12249 |

**NOTICE OF OUTCOME OF FURTHER
DISCUSSIONS AMONG THE PARTIES**

At the September 11 motion hearing, the Court encouraged the parties to discuss whether they could reach agreement on Plaintiffs' request that Defendants produce records of the Climate Working Group (CWG) before the September 22 deadline for comments on EPA's proposed rescission of the 2009 Endangerment Finding. Following the hearing, Plaintiffs' counsel contacted Defendants' counsel in an attempt to reach agreement. In response, Defendants' counsel has indicated that EPA cannot agree to produce the requested records before September 22, or to accept and consider later-filed comments to address any CWG records that are disclosed after September 22.

Given the Clean Air Act's strict exhaustion requirement, Defendants' refusal to produce the records before the September 22 deadline or to consider late comments addressing the records means that Plaintiffs have no assurance that they will be able to use such records in a legal challenge to the final EPA rulemaking, even though the CWG's Report is "part of" EPA's proposed rulemaking. Dkt. 50-1 at 5; *see* 42 U.S.C. § 7607(d)(7)(B) ("Only an objection to a rule or procedure which was raised with reasonable specificity during the period for public

comment … may be raised during judicial review."); *Wisconsin v. EPA*, 938 F.3d 303, 331-32 (D.C. Cir. 2019) ("The Clean Air Act requires, as a predicate for judicial review, that EPA first be afforded the opportunity to address objections to its rules, and that those objections be raised with 'reasonable specificity during the period for public comment.'" (citing *id.*)). The Clean Air Act requires that any objection to a rule based on "grounds … ar[ising] after the period for public comments" must first presented to EPA in a petition for administrative reconsideration, 42 U.S.C. § 7607(d)(7)(B), on which there is no statutory or regulatory deadline for EPA to act. Furthermore, by statute, "[s]uch reconsideration shall not postpone the effectiveness of the rule." *Id*.

Accordingly, absent preliminary relief from this Court, Plaintiffs will suffer irreparable harm from Defendants' refusal to provide the information FACA required Defendants to publicly disclose. *See* ECF 15-1 at 16.

September 15, 2025

*/s/ Megan M. Herzog*
Sean H. Donahue (D.C. Bar. 450940)\*
Megan M. Herzog (BBO No. 682948)
DONAHUE, GOLDBERG & HERZOG
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com
megan@donahuegoldberg.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

Respectfully submitted,

*/s/ John Robinson\**
Daniel F. Jacobson (D.C. Bar 1016621)\*
Lynn D. Eisenberg (D.C. Bar 1017511)\*
John Robinson (D.C. Bar 1735989)\*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
john@jacobsonlawyersgroup.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

Vickie L. Patton (CO Bar 30370)\*
ENVIRONMENTAL DEFENSE FUND

2

2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

Erin Murphy (FL Bar 1000501)*^
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

*Admitted Pro hac vice
^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)

## CERTIFICATE OF SERVICE

I certify that on September 15, 2025, I filed this document with the Court's ECF system, which sends notice to all parties.

*/s/ John Robinson*

3