IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*<br><br>            Plaintiffs,<br>    v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al*.<br><br>            Defendants. | Case No. 1:25-cv-12249-WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF OUTCOME OF FURTHER DISCUSSIONS AMONG THE PARTIES**

Defendants respectfully submit this response to address two points in Plaintiffs' notice informing the Court of the parties' inability to reach agreement on Plaintiffs' request that Defendants produce records of the Climate Working Group (CWG) before the deadline for comments on EPA's notice of proposed rulemaking. ECF No. 55.

*First*, Plaintiffs use the Notice as an opportunity to argue that their lack of access to CWG records covered by FACA constitutes irreparable harm due to the Clean Air Act's strict exhaustion requirement. *See* Notice at 1-2. Plaintiffs claim that without the CWG records in question, they will be unable to challenge the final rule promulgated by EPA based on such records due to their failure to raise those issues during the period for public comment. *Id.* But Plaintiffs remain free to raise that very issue in public comment before EPA right now,[1] which would sufficiently preserve a claim based on their lack of access to records for judicial review at the appropriate time and in

---

[1] Indeed, both Plaintiffs have *already* submitted testimony in hearings before EPA, "arguing that the CWG report is unlawful and unreliable[,]" and "that EPA cannot and should not rely on the CWG report." *See* ECF No. 43 at 5 (citing Andy Su, *Testimony re: Reconsideration of EPA Clean Car and Truck standards* (Aug. 20, 2025) available at https://perma.cc/9JJZ-VECN; Rachel Cleetus, *I Testified at the EPA Hearing on the Repeal of the Endangerment Finding* (Aug. 22, 2025), available at https://perma.cc/V8MD-LR2L).

1

the appropriate venue, if EPA in fact relies on the CWG's work in its final rule. *See* Defs.' Opp'n to Mot. Prelim. Inj. at 15-16, ECF No. 43.

Any injury stemming from an inability to comment due to lack of CWG records could therefore be remedied in subsequent Clean Air Act litigation, where Plaintiffs would be free to make these exact arguments: that they were denied the ability to meaningfully comment due to nondisclosure of the CWG records they seek. Such claims are commonplace in APA and Clean Air Act suits alike, and can provide a basis for remand if a Court were to find that nondisclosure did indeed deprive Plaintiffs of their ability to meaningfully comment. *See, e.g.*, *Huntsman Petrochemical LLC v. EPA*, 114 F.4th 727, 743-44 (D.C. Cir. 2024) (considering Clean Air Act claim alleging denial of opportunity for "meaningful public comment" due to the fact that a particular assessment "was not available in final, peer-reviewed form until after the public comment period on the rulemaking had closed."); *Sierra Club v. Costle*, 657 F.2d 298, 398 (D.C. Cir. 1981) (if "documents of central importance upon which EPA intended to rely had been entered on the docket too late for any meaningful public comment prior to promulgation, then both the structure and spirit of section 307 would have been violated."). *Cf. U.S. Citrus Sci. Council v. USDA*, 312 F. Supp. 3d 884, 896-97 (E.D. Cal. 2018) (considering whether agency's "non-disclosure" of a particular document "prevent[ed] meaningful comment"). Because the Clean Air Act provides both a remedy and exclusive venue for the issue Plaintiffs raise, their lack of access to CWG records during the rulemaking period does not constitute an irreparable harm warranting injunctive relief.

*Second*, Plaintiffs' framing implies that the CWG records at issue lie exclusively with EPA. *See* Notice at 1 (stating that "EPA cannot agree to produce the requested records before September 22[.]"). But as explained in EPA's memorandum in support of its motion to dismiss, Secretary Wright assembled the CWG, and any involvement by EPA in the claims alleged by Plaintiffs does not rise to the level of establishment, management, or control of the CWG under FACA. *See* ECF

2

No. 47 at 9-11. In response to this Court's encouragement and Plaintiffs' request, the Department of Energy evaluated its ability to produce the CWG documents requested by the September 17, 2025 deadline Plaintiffs proposed, and determined it was unable to do so in that timeframe.

Dated: September 15, 2025                                   Respectfully Submitted,

                                                            BRETT A. SHUMATE
                                                            Assistant Attorney General

                                                            ELIZABETH J. SHAPIRO
                                                            Deputy Branch Director

                                                            /s/ *Andrew J. Rising*
                                                            ANDREW J. RISING (D.C. Bar No. 1780432)
                                                            Trial Attorney
                                                            United States Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            1100 L Street, NW, Rm. 12520
                                                            Washington, D.C. 20005
                                                            Phone: (202) 514-0265
                                                            E-mail: andrew.j.rising@usdoj.gov

                                                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this Motion with the Court's ECF system, which sends notice to all parties identified on the NEF.

                                                            /s/ *Andrew Rising*
                                                            ANDREW J. RISING
                                                            Trial Attorney
                                                            United States Department of Justice