## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>            *Plaintiffs*,<br><br>    v.<br><br>CHRISTOPHER WRIGHT, in his official capacity<br>as Secretary of Energy, *et al.*,<br><br>            *Defendants*. | Case No. 1:25-cv-12249 |

## PLAINTIFFS' MOTION FOR SCHEDULING ORDER

Pursuant to Local Rule 16.1, Plaintiffs respectfully move for a scheduling order in this matter. The comment period on EPA's proposed rescission of the 2009 Endangerment Finding—the science-based finding that greenhouse gases endanger human health and welfare under the Clean Air ACt—has now closed, and the agency could act at any time to publish a final rule rescinding the Finding. While the Court considers the EPA Defendants' (Administrator Zeldina and EPA) pending motion to dismiss, there is no reason to delay further proceedings as to the DOE Defendants (Secretary Wright and DOE) and the Climate Working Group (CWG), as they have not sought to dismiss the claims against them, and their deadline to answer the complaint has now passed.

To ensure that this case proceeds expeditiously, Plaintiffs request that the Court enter the attached scheduling order. The proposed order provides deadlines for (i) production of the administrative record by the DOE Defendants, (ii) discovery as to Defendant CWG, and (iii) discovery from all Defendants into EPA's involvement in the creation and use of the CWG. Delay in this case would deny Plaintiffs the ability to timely obtain the CWG records to which they are entitled under the Federal Advisory Committee Act (FACA), access to any CWG

meetings that may be ongoing, and the relief that Plaintiffs are seeking with regard to the agencies' unlawful actions. Plaintiffs will be prejudiced if they cannot obtain this relief before EPA rescinds the Endangerment Finding. By contrast, Defendants would suffer no harm from advancing the production of an administrative record and permissible discovery.

## BACKGROUND

### A.    Plaintiffs' Complaint and Motion for Preliminary Injunction

Plaintiffs filed their complaint on August 12, 2025, alleging that Defendants established and utilized the CWG in violation of FACA. Although the CWG is an "advisory committee" within the meaning of FACA, Defendants did not comply with any of FACA's requirements, including its requirements to make records available to the public and to include a fair balance of viewpoints on the committee. Compl. ¶¶ 83–88. EPA nonetheless used the CWG's report as the purported scientific basis to propose rescinding its 2009 Endangerment Finding. *Id.* ¶¶ 51–54.

On August 14, Plaintiffs moved for a preliminary injunction or, alternatively, for summary judgment. Dkt. No. 15. Defendants opposed that motion, and the EPA Defendants moved to dismiss, contending that Plaintiffs lacked standing to sue EPA because, according to Defendants, EPA was not involved in the creation of the CWG. Dkt. Nos. 43, 46.

The Court held a hearing on Plaintiffs' motion on September 11. At the hearing, the Court stated that it intended to enter an order on Plaintiffs' motion before September 22 and would then hold a further hearing on September 23 to address EPA's involvement in the creation of the CWG. Hr'g Tr. 24:20–25:18. The Court recognized that there may be factual disputes "about the involvement of EPA," and suggested that resolution of that dispute should not be limited to an administrative record. *Id.* at 25:13–25 ("[I]t isn't a record, it's a dispute about the

involvement of EPA . . . .  You keep talking about an administrative record, the question is were they involved or not?").

On September 17, the Court denied Plaintiffs' motion for a preliminary injunction and granted Plaintiffs' motion for summary judgment in part. The Court recognized that Plaintiffs' informational injury due to Defendants' withholding of the CWG's records had "been recognized by other courts to warrant preliminary relief in the FACA context." Dkt. No. 57 at 4. The Court further found that Plaintiffs were "injured by their inability to make informed comments regarding the Climate Working Group to EPA during the comment period." *Id.* But the Court denied Plaintiffs' motion for a preliminary injunction on the basis that this informational injury was not "irreparable" because, if Plaintiffs were to succeed in this litigation, they could still "receive [the CWG records] in time to challenge a possible future rescission of the Endangerment Finding in court." *Id.* at 4–5.

In granting Plaintiffs' motion for summary judgment in part, the Court rejected Defendants' sole merits argument for why FACA did not apply to the CWG. *Id.* at 6 (quoting 41 C.F.R. § 102-3.40(e)). The Court held that a "conclusion of the report itself shows that it is no mere 'review' of the literature," and that to suggest otherwise "borders on sophistry." *Id.* at 9. The Court accordingly granted Plaintiffs' motion "as to the non-applicability of the exception only." *Id.* at 10. The Court stated that "[n]ext steps shall be discussed at the Hearing scheduled for Tuesday, September 23, 2025." *Id.*

On September 22, the Court canceled the September 23 hearing and indicated that it would be rescheduled at a date to be determined. Dkt. No. 60. The hearing has not yet been rescheduled.

Meanwhile, the deadline for the DOE Defendants and the CWG to answer the complaint was October 14, 2025. *See* Dkt. 23 (showing service on August 12); Fed. R. Civ. P. 12(a)(2) (answer due 60 days after service). Neither the DOE Defendants nor the CWG filed an answer on that date. Although the *EPA* Defendants previously moved to dismiss (and that motion remains pending), neither the DOE Defendants nor the CWG did so, and the EPA Defendants' arguments were unique to EPA. Accordingly, the DOE Defendants and CWG are currently in default. *See* Fed. R. Civ. P. 55(a).[1]

CWG members have also stated publicly that, notwithstanding Defendants' assertion that the CWG has now been dissolved, the CWG "is still working" and "plan[s] to respond to comments and issue a revised report." *See* Dkt Nos. 52, 52-1 (statement of Dr. Curry); *see also* Dkt. No. 50-1 at 12 (noting that Dr. Koonin suggested that the CWG would still respond to public comments); Scott Waldman, *Disbanded DOE Climate Group Vows to Continue Work*, E&E News (Sept. 11, 2025, 6:13 AM) (Dr. Curry stating, "The five of us decided that we have unfinished business, personally, as scientists, and we will respond to the serious comments and we will prepare a revised report.").

## B.    Recent Developments

Since the Court denied Plaintiffs' motion for preliminary injunction, the comment period on EPA's proposed rescission of its Endangerment Finding closed on September 22. The most recent Unified Regulatory Agenda issued by the Office of Management and Budget lists September 2025 as the time when EPA will issue a final rule on its reconsideration of the Endangerment Finding, indicating that the agency could act at any time. *See* Unified Regulatory

---

[1] Unlike in other cases, the government has not yet moved to stay any deadlines in this case based on the lapse in appropriations. *See, e.g.*, *Am. Ass'n of Univ. Professors v. DOJ*, No. 25-cv-10910 (D. Mass. Oct. 1, 2025), Dkt. No. 242 (moving to stay deadline); *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, Nos. 25-1698, 25-1755 (1st Cir. Oct. 1, 2025), Doc. 108347579 (same).

Agenda, attached as Ex. A.[2] Recent reporting indicates that EPA is working to finalize the rescission of the Endangerment Finding by mid-December, and that EPA staff are continuing to work on "weakening or repealing [certain] regulations during the government shutdown. *See* Jean Chemnick, *Internal Docs: Zeldin Races Ahead Without Analysis in Endangerment Rollback*, E&E News (Sept. 24, 2025), attached as Ex. B; Lisa Friedman, *The Government is Shut Down, But Not for Fossil Fuels*, N.Y. Times (Oct. 17, 2025), attached as Ex. C. Specifically, reporting suggests that internal agency notes and presentation slides show that EPA "intends to conduct [a] regulatory impact analysis and review comments [on the proposed rule] in October, before publishing the final rules in the *Federal Register* in mid-December." *Id.*

Time is thus now of the essence to ensure that Plaintiffs can, as this Court indicated would be necessary to remedy Plaintiffs' informational harms, "receive [the CWG records]" in advance of a "possible future rescission of the Endangerment Finding." Dkt. No. 57 at 4–5.

## ARGUMENT

Local Rule 16.1(f) contemplates the entry of a scheduling order that "will govern the pretrial phase of the case." Unless the Court determines otherwise, "the scheduling order shall include specific deadlines or general time frameworks for," among other things, "the amendment of the pleadings," the "service of, and compliance with, written discovery requests," and "the completion of depositions, including, if applicable, the terms for taking and using videotape depositions." Local Rule 16.1(f).

The Court should enter such a scheduling order here. The Court has already recognized that Plaintiffs are suffering an informational injury from Defendants' withholding of CWG records. Dkt. 57 at 4. While the Court found that this injury was not irreparable in denying Plaintiffs' motion for a preliminary injunction, that finding was based on the assumption that

---

[2] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=2060-AW71.

Plaintiffs could "receive th[e] documents in time to challenge a possible future rescission of the Endangerment Finding in court." *Id.* at 4–5. But now that EPA apparently intends to fast-track its proposed rescission of the Endangerment Finding, there is a risk that Plaintiffs may not receive the CWG records in time to use them in any challenge to the rescission of the Endangerment Finding, unless this litigation proceeds apace and is resolved expeditiously.

Plaintiffs' proposed scheduling order would ensure that this case proceeds in a timely fashion. First, the order directs the DOE Defendants (but not the EPA Defendants) to file an administrative record by November 7, 2025. Although Plaintiffs do not believe that production of an administrative record is necessary in this case given the nature of Plaintiffs' legal claims, Defendants have stated that they intend to produce such a record. Hr'g Tr. 25:10–12 ("[T]he government would be producing an administrative record in this case."). Plaintiffs have no objection to their doing so, provided that production of the record does not materially delay these proceedings and that Plaintiffs retain the ability to pursue discovery after the administrative record is produced if the record is incomplete or extra-record discovery of the DOE Defendants is otherwise warranted.

Second, the proposed scheduling order allows for a short period for limited discovery as to Defendant CWG. Because the CWG is not an "agency" within the meaning of the APA, Plaintiffs have not asserted any APA claims against the CWG. Judicial review of Plaintiffs' claims against the CWG thus would not be limited to the administrative record, as the legal basis for such a record is based solely on the APA's judicial review provisions. *See* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record."). The proposed scheduling order directs the CWG to respond to any written discovery requests within 14 days, to ensure that any objections can be promptly addressed.

Third, the proposed order authorizes focused discovery into the EPA Defendants' involvement in the establishment and utilization of the CWG. As noted, the Court has already recognized that factual issues related to EPA's involvement could not likely be resolved based on an administrative record alone. Hr'g Tr. 25:13–25 ("[I]t isn't a record, it's a dispute about the involvement of EPA . . . ."). Accordingly, Plaintiffs intend to serve limited discovery requests and deposition notices focused on the EPA Defendants' involvement with the CWG. The scheduling order proposes that defendants respond to any written discovery requests within 14 days. This limited discovery will be critical to adjudicating Defendants' contention that EPA was not in any way involved in the creation or management of the CWG, and the relevant records and information would likely not be contained within any administrative record.

Plaintiffs have conferred with Defendants about this motion, who have stated that they oppose the relief requested herein and that they will now move to stay these proceedings due to the lapse in appropriations. But Defendants had not yet previously moved for a stay, and numerous courts have denied such stays where, as here, Plaintiffs would suffer irreparable harm or be prejudiced if litigation were placed on pause indefinitely. *See, e.g.*, *Am. Ass'n of Univ. Professors v. DOJ*, No. 25-cv-10910 (D. Mass. Oct. 9, 2025), Dkt. No. 151 (denying motion to stay deadline where plaintiffs argued prejudice would result from stay); *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, Nos. 25-1698, 25-1755 (1st Cir. Oct. 2, 2025), Doc. 00118347754 (same); *see also Protect Democracy Project v. OMB*, No. 1:25-cv-0111, Oct. 10, 2025 Minute Order (D.D.C.); *United States v. Google LLC*, No. 1:20-cv-3010, Oct. 2, 2025 Minute Order (D.D.C.); *Rhode Island Coal. Against Domestic Violence v. Kennedy*, No. 1:25-cv-0342, Text Order (D.R.I.); *Camp Lejeune Water Litigation v. United States*, No. 7:23-cv-0897, 2025 WL 2827029 (E.D.N.C. Oct. 6, 2025); *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-3698, ECF

No. 276 (N.D. Ca. Oct. 3, 2025); *Nat'l TPS Alliance v. Noem*, No. 25-5724, Doc. 29.1 (9th Cir. Oct. 2, 2025).

Indeed, DOJ's contingency plan for a lapse in appropriations explains that federal employees may continue to perform activities for which there is express legal authorization to continue, and DOJ states that this exception is met where a court orders a civil matter to continue. U.S. Department of Justice FY 2026 Contingency Plan ("DOJ Contingency Plan") at 1-3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl.  DOJ states that, if a court "orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id*. Accordingly, if this Court enters the proposed scheduling order and authorizes discovery to proceed, defense counsel could continue to work on this matter consistent with DOJ's contingency plan.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed scheduling order.

October 20, 2025

Respectfully submitted,

/s/ Megan M. Herzog
Sean H. Donahue (D.C. Bar. 450940)*
Megan M. Herzog (BBO No. 682948)
DONAHUE, GOLDBERG & HERZOG
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com
megan@donahuegoldberg.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
John Robinson (D.C. Bar 1735989)*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

Vickie L. Patton (CO Bar 30370)*
ENVIRONMENTAL DEFENSE FUND
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

Erin Murphy (FL Bar 1000501)*^
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

*Admitted Pro hac vice
^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)

**LOCAL RULE 7.1 CERTIFICATE**

I certify that on October 17, 2025, I conferred with counsel for Defendants in an attempt to meet and confer regarding the foregoing request for relief, but the parties were unable to reach agreement.

*/s/ Daniel F. Jacobson*

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed this motion with the Court's ECF system, which sends notice to all parties.

*/s/ Daniel F. Jacobson*