IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*<br><br>Defendants. | Case No. 1:25-cv-12249-WGY |

## DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS IN LIGHT OF LAPSE IN APPROPRIATIONS

Defendants hereby move for a temporary stay of this matter, including any existing or anticipated filing obligations, in the above-captioned case.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies. The Department does not know when such funding will be restored by Congress.

2. Absent an appropriation, the Anti-Deficiency Act prohibits Department of Justice attorneys from working, even on a voluntary basis, except in very limited circumstances including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.*

1

3. Because this Federal Advisory Committee Act case does not present any imminent threat to the safety of human life or the protection of property, employees of the Department of Justice are not authorized to work on this matter during the pendency of the lapse in appropriations. *See id.* *See also* Order on Motion for Preliminary Injunction at 3-4, ECF No. 57 (denying Plaintiffs' Motion for Preliminary Injunction due to the absence of any demonstrated imminent irreparable harm in this case).

4. Defendants recognize that if this Court denies their motion for a stay, they will be required to—and will—comply with this Court's order, as contemplated by the Department of Justice's FY 2026 Contingency Plan. But that practical reality does not render the Anti-Deficiency Act a legal nullity that can be overridden as a matter of course without any consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

5. For that reason, a number of district courts have granted stays of non-emergency civil litigation during the length of the lapse in appropriations. *See, e.g.*, In re: Certain Matters Pending Before the United States District Court for the Western District of Pennsylvania Relative to the Lapse of Appropriations of October 1, 2025, Misc No. 25-mc-1098 (W.D. Pa. Oct. 3, 2025); General Order Holding in Abeyance Civil Matters Involving the United States as a Party, Am. Gen. Order 25-0024 (N.D. Ill. Oct. 2, 2025); In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations, Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025).

6.      Because the Anti-Deficiency Act's factors are not satisfied, undersigned counsel for the Department of Justice requests a stay of proceedings in this matter until Congress has restored appropriations to the Department.

7.      If this motion for a stay is granted, Government counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, all current filing obligations for the parties be extended commensurate with the duration of the lapse in appropriations.

8.      Opposing counsel oppose the requested stay.

Therefore, although we greatly regret any disruption caused to the Court and the Plaintiffs, the Government hereby moves for a stay of this matter until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

## CONCLUSION

Defendants respectfully request the Court temporarily stay this matter in light of the ongoing lapse in appropriations.

Dated: October 20, 2025          Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Andrew J. Rising*
ANDREW J. RISING (D.C. Bar No. 1780432)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Rm. 12520
Washington, D.C. 20005

        Phone:  (202) 514-0265
        E-mail:  andrew.j.rising@usdoj.gov

*Counsel for Defendants*

### RULE 7.1(a)(2) CERTIFICATICATION

I communicated with counsel for Plaintiffs via email regarding this motion. Counsel indicated that Plaintiffs oppose the motion.

        /s/ *Andrew Rising*
        ANDREW J. RISING
        Trial Attorney
        United States Department of Justice

### CERTIFICATE OF SERVICE

I hereby certify that I have filed this Motion with the Court's ECF system, which sends notice to all parties identified on the NEF.

        /s/ *Andrew Rising*
        ANDREW J. RISING
        Trial Attorney
        United States Department of Justice