IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-12249 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR A STAY OF PROCEEDINGS**

Defendants are racing ahead to rescind EPA's Endangerment Finding, with EPA staff continuing to work on rulemakings notwithstanding the government shutdown. Yet Defendants now seek to use the shutdown to stay this matter, to prevent Plaintiffs from obtaining records and other relief under the Federal Advisory Committee Act (FACA) that will be critical to assessing and challenging the imminent rescission.

Defendants imply that the shutdown precludes them from litigating this action, but that is inaccurate. Contrary to Defendants' suggestion, imminent threats to life and property are not the only exception that permits work during a lapse in appropriations. Both the Department of Justice and the defendant agencies recognize in their official guidance that there are five categories of exceptions—not one—that permit federal employees to work during a lapse in appropriations. DOJ has further stated that one of these exceptions, for work authorized by law, applies where a court orders that a case continue during a lapse. In this lapse and prior ones, many courts have ordered that civil cases proceed on this basis, and Defendants present no arguments for why this Court should not proceed as well.

As Plaintiffs explained in their motion for a scheduling order, Plaintiffs would be prejudiced by any delay in this case, given that EPA is actively working to finalize its proposed rescission of the Endangerment Finding and could publish a final rule at any time. Accordingly, the Court should deny Defendants' motion for a stay.

## ARGUMENT

Defendants assert in their response that "[a]bsent an appropriation, the Anti-Deficiency Act prohibits Department of Justice attorneys from working, even on a voluntary basis, except in very limited circumstances including emergencies involving the safety of human life or the protection of property." Defs.' Mot. for Stay 1, Dkt. No. 65 (quotation omitted). Defendants thus claim that "[b]ecause this Federal Advisory Committee Act case does not present any imminent threat to the safety of human life or the protection of property, employees of the Department of Justice are not authorized to work on this matter during the pendency of the lapse in appropriations." *Id.* at 2. But "protecting life or property" is not the sole exception that permits work during a lapse. DOJ itself says so.

As Plaintiffs explained in their motion for a scheduling order, *see* Dkt. No. 64 at 8, DOJ's own contingency plan notes that there are *five* categories of work that federal employees may perform during a lapse. *See U.S. Department of Justice FY 2026 Contingency Plan ("DOJ Contingency Plan")* at 1 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. Specifically, federal employees may perform the following categories of activities:

1. Those funded by a source that has not lapsed, such as permanent indefinite appropriations and carryover of no-year funds appropriated in a prior year;
2. Those for which there is an express authority to continue during an appropriations lapse;
3. Those for which authority to continue during an appropriations lapse arises by necessary implication;
4. Those related to the discharge of the President's constitutional duties and powers; and

2

   5. Those related to "emergencies involving the safety of human life or the protection of property," *i.e.*, where there is a reasonable likelihood that the safety of human life or the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question.

DOJ Contingency Plan at 1.

      The DOJ Contingency Plan explains that the second exception—for activities expressly authorized to continue—applies where a court orders that a civil case proceed during a shutdown. In DOJ's words, if a court "orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id.* at 3. Defendants EPA's and DOE's contingency plans likewise permit employees to continue working where legally authorized to so. *See* EPA Contingency Plan (Sept. 29, 2025), bit.ly/4nXYVHH; DOE Contingency Plan (Sept. 24, 2025), bit.ly/3Ln3Sva. Indeed, EPA's Contingency Plan specifically notes that "[i]n the event of a lapse in appropriations, the Department of Justice (DOJ) typically expects EPA to continue to provide the legal or technical support necessary to meet any court deadlines or orders, including but not limited to filings, court appearances, and responses to discovery requests." EPA Contingency Plan at 14. EPA acknowledges that such legal support could fall under the exception for activities "expressly authorized by law." *Id.*

      Moreover, as Plaintiffs have explained, public reporting indicates that "most Environmental Protection Agency employees have been working through the shutdown," including to "roll[] back limits on the greenhouse gas emissions that are driving climate change." Lisa Friedman, *The Government Is Shut Down. But Not for Fossil Fuels.*, N.Y. Times (Oct. 17, 2025), Dkt. No. 64-3. Specifically, "[e]mployees working on weakening or repealing regulations that the Trump administration has called burdensome to oil, gas and coal companies have been told to press on, according to two E.P.A. officials." *Id.* Reporting has also indicated that many

Department of Energy employees are continuing to work, including to advance cancellations of federal grants for clean energy projects. *See* Christa Marshall, *DOE Cancels More Than $700M in Battery, Manufacturing Projects*, E&E News (Oct. 20, 2025). Defendants should not be permitted to selectively invoke the shutdown when it suits them, claiming that the shutdown precludes them from working on litigation challenging the lawfulness of their actions that relate to the impending rescission of the Endangerment Finding, while simultaneously continuing work to finalize action rescinding the Endangerment Finding.

As Plaintiffs have explained, numerous courts have ordered cases to continue, notwithstanding the lapse in appropriations, including in cases where there is no identified imminent threat to life or property. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, Nos. 25-1698, 25-1755 (1st Cir. Oct. 2, 2025), Doc. 00118347754; *Am. Ass'n of Univ. Professors v. DOJ*, No. 25-cv-10910 (D. Mass. Oct. 9, 2025), Dkt. No. 151; *Guerrero Orellana v. Moniz*, No. 25-cv-12664 (D. Mass. Oct. 2, 2025), Dkt. No. 51; *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019); *see also* Mot. for Scheduling Order, Dkt. No. 64 at 7–8 (collecting cases).

This Court should order the same here. As Plaintiffs explained in their motion for a scheduling order, Plaintiffs have a strong interest in this case proceeding expeditiously, including because EPA could issue its final rule rescinding the Endangerment Finding at any time, and is reportedly working to do so no by no later than December 2025. This Court has already recognized that Plaintiffs are suffering continued injury from Defendants' withholding of records to which they are legally entitled, but denied preliminary injunctive relief because it found that Plaintiffs could still receive the records "in time to challenge a possible future recission of the Endangerment Finding." *See* Dkt. No. 64 at 2–5; Order, Dkt. No. 57 at 4–5. Defendants do not

4

dispute any of these reasons in their motion for a stay. *See* Dkt. No. 65 at 1–3. Defendants' sole argument for a stay is their contention that the only permissible exception for them to work is to protect against threats to life or property, but as explained above, that is incorrect. In these circumstances, Defendants have made no showing that a stay is necessary or appropriate.

## CONCLUSION

The Court should deny Defendants' motion for a stay.

October 22, 2025

Respectfully submitted,

*/s/ Megan M. Herzog*
Sean H. Donahue (D.C. Bar. 450940)*
Megan M. Herzog (BBO No. 682948)
DONAHUE, GOLDBERG & HERZOG
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com
megan@donahuegoldberg.com

*Counsel for Plaintiffs*

*/s/ Daniel F. Jacobson*\*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
John Robinson (D.C. Bar 1735989)*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs*

Vickie L. Patton (CO Bar 30370)*
ENVIRONMENTAL DEFENSE FUND
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

Erin Murphy (FL Bar 1000501)*^
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

*Admitted Pro hac vice
^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed this motion with the Court's ECF system, which sends notice to all parties.

<i><u>/s/ Daniel F. Jacobson</u></i>