**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>                         *Plaintiffs*,<br><br>        v.<br><br>CHRISTOPHER WRIGHT, in his official capacity<br>as Secretary of Energy, *et al.*,<br><br>                         *Defendants*. | Case No. 1:25-cv-12249 |

**PLAINTIFFS' MOTION FOR SCHEDULING ORDER**

Pursuant to Local Rule 16.1, Plaintiffs respectfully file this renewed motion for an

expedited scheduling order in this matter. In the two months since this Court denied Plaintiffs'

motion for a preliminary injunction, EPA has barreled ahead to finalize its rule rescinding the

2009 Endangerment Finding, the agency's science-based finding that greenhouse gases endanger

human health and welfare under the Clean Air Act. EPA worked on the rescission throughout the

entirety of the government shutdown, has stated that it still intends to finalize the rule in

December, and could take such action any day. As such, the window for Plaintiffs to secure

complete relief in this case, including obtaining the Climate Working Group's records to which

Plaintiffs are legally entitled under the Federal Advisory Committee Act (FACA), is small and

shrinking every day. For Plaintiffs and the public that have so much at stake in EPA's imminent

rescission of the Endangerment Finding—which would seek to undercut the federal

government's ability to limit harmful air pollution—this matter is now of extreme

time-sensitivity.

Plaintiffs accordingly renew their request for a scheduling order that reflects this urgency

while accounting for the current posture of the case. Specifically, while the Court considers the

EPA Defendants' (Administrator Zeldin and EPA) pending motion to dismiss, Plaintiffs seek a schedule that immediately advances proceedings as to the DOE Defendants (Secretary Wright and DOE) and the Climate Working Group (CWG). Those Defendants have not sought to dismiss the claims against them, and their deadline to answer the complaint has now passed.

Plaintiffs request that the Court enter the attached scheduling order, which provides deadlines for (i) production of the administrative record by the DOE Defendants, (ii) discovery as to Defendant CWG (which is not an agency subject to the administrative record requirements), and (iii) discovery from all Defendants into EPA's involvement in the creation and use of the CWG. Delay in this case would likely deny Plaintiffs the ability to obtain complete relief, including but not limited to obtaining the CWG records to which they are entitled, access to any ongoing CWG meetings (which CWG members have indicated are still occurring), and the declaratory, injunctive, and Administrative Procedure Act relief that Plaintiffs are seeking with regard to the agencies' unlawful actions. Plaintiffs will be prejudiced if they cannot obtain this relief before EPA rescinds the Endangerment Finding. By contrast, Defendants would suffer no harm from advancing the production of an administrative record and permissible discovery.[1]

## BACKGROUND

### A.    Plaintiffs' Complaint and Motion for Preliminary Injunction

Plaintiffs filed their complaint on August 12, 2025, alleging that Defendants established and utilized the CWG in violation of FACA. Although the CWG is plainly an "advisory

---

[1] On November 15, Plaintiffs asked Defendants to meet and confer on this motion and the case schedule. Before they would agree, Defendants sought assurance that "a meet and confer would be subject to the confidentiality protections of FRE 408 and be conducted without prejudice to any position to be taken on the path forward." Plaintiffs agreed to the latter request but stated they did not envision that anything said on a phone call to discuss case scheduling would fall within the ambit of FRE's provisions on the admissibility of evidence. Defendants then refused to meet and confer for this ostensible reason. Defendants did state over email that they oppose discovery but otherwise have not had sufficient time to consult their clients.

committee" within the meaning of FACA, Defendants did not comply with any of FACA's requirements, including its requirements to make records available to the public and to include a fair balance of viewpoints on the committee. Compl. ¶¶ 83–88. After the government ignored all of these legal requirements, EPA used the CWG's report as the purported scientific basis to propose rescinding its 2009 Endangerment Finding. *Id.* ¶¶ 51–54.

On August 14, Plaintiffs moved for a preliminary injunction or, alternatively, for summary judgment. Dkt. No. 15. Defendants opposed that motion, and the EPA Defendants moved to dismiss, contending that Plaintiffs lacked standing to sue EPA because, according to Defendants, EPA was not involved in the creation of the CWG. Dkt. Nos. 43, 46.

The Court held a hearing on Plaintiffs' motion on September 11. At the hearing, the Court stated that it intended to enter an order on Plaintiffs' motion before September 22 and would then hold a further hearing on September 23 to address EPA's involvement in the creation of the CWG. Hr'g Tr. 24:20–25:18. The Court recognized that there may be factual disputes "about the involvement of EPA," and suggested that resolution of that dispute should not be limited to an administrative record. *Id.* at 25:13–25 ("[I]t isn't a record, it's a dispute about the involvement of EPA . . . . You keep talking about an administrative record, the question is were they involved or not?").

On September 17, the Court denied Plaintiffs' motion for a preliminary injunction and granted Plaintiffs' motion for summary judgment in part. The Court recognized that Plaintiffs' informational injury due to Defendants' withholding of the CWG's records had "been recognized by other courts to warrant preliminary relief in the FACA context." Dkt. No. 57 at 4. The Court further found that Plaintiffs were "injured by their inability to make informed comments regarding the Climate Working Group to EPA during the comment period." *Id.* But the Court

denied Plaintiffs' motion for a preliminary injunction on the basis that this informational injury was not "irreparable" because, if Plaintiffs were to succeed in this litigation, they could still "receive [the CWG records] in time to challenge a possible future rescission of the Endangerment Finding in court." *Id.* at 4–5.

In granting Plaintiffs' motion for summary judgment in part, the Court rejected Defendants' sole merits argument for why FACA did not apply to the CWG. *Id.* at 6 (quoting 41 C.F.R. § 102-3.40(e)). The Court held that a "conclusion of the report itself shows that it is no mere 'review' of the literature," and that to suggest otherwise "borders on sophistry." *Id.* at 9. The Court accordingly granted Plaintiffs' motion "as to the non-applicability of the exception only." *Id.* at 10. The Court stated that "[n]ext steps shall be discussed at the Hearing scheduled for Tuesday, September 23, 2025." *Id.*

On September 22, the Court canceled the September 23 hearing and indicated that it would be rescheduled at a date to be determined. Dkt. No. 60. The hearing has not yet been rescheduled.

**B.    Developments Since the Preliminary Injunction Denial**

Since this Court denied Plaintiffs' motion for a preliminary injunction, EPA has sped ahead to finalize its rescission of the Endangerment Finding, while simultaneously delaying any advancement of this case.

For instance, the deadline for the DOE Defendants and the CWG to answer the complaint was October 14, 2025. *See* Dkt. 23 (showing service on August 12); Fed. R. Civ. P. 12(a)(2) (answer due 60 days after service). That deadline passed before this Court stayed this case based on the lapse in appropriations. But neither the DOE Defendants nor the CWG filed an answer on that date. Although the *EPA* Defendants previously moved to dismiss (and that motion remains

pending), neither the DOE Defendants nor the CWG did so, and the EPA Defendants' arguments were unique to EPA. Accordingly, the DOE Defendants and CWG are currently in default. *See* Fed. R. Civ. P. 55(a).

On October 20, Plaintiffs filed their original motion for a scheduling order. Later that same day, Defendants moved for a stay in light of the lapse in appropriations. The Court granted Defendants' stay request on October 22.

At the same time that EPA was citing the lapse in appropriations as a basis for staying this case, EPA was racing ahead during the shutdown to finalize its rescission of the Endangerment Finding. EPA kept staff working at unprecedented levels during the recent shutdown, at least for policy work that the current Administration is prioritizing. Ellie Borst & Jean Chemnick, *EPA Flush With Cash or "Priority" Staff*, E&E News (Oct. 29, 2025), https://www.eenews.net/articles/epa-flush-with-cash-for-priority-staff/. Contrary to EPA's publicly posted contingency plan for a lapse, EPA kept staff working on deregulatory matters such as the Endangerment Finding rescission throughout the shutdown, finding money to pay staff working on these matters the entire time. *Id.*; *see also* Jake Spring & Amudalat Ajasa, *How Trump Officials Have Transformed the EPA to Weaken Enforcement*, Wash. Post (Nov. 7, 2025). In contrast, the staff who work on matters the Administration does not favor, such as reporting of air pollution emissions and environmental enforcement actions, were furloughed. *Id.*

On October 21, EPA confirmed in a media statement that "[t]he agency aims to finalize the [Endangerment Finding] rulemaking before the end of the year." *Shutdown Appears To Have Little Effect On EPA GHG Endangerment Plan*, InsideEPA.com (Oct. 22, 2025), https://perma.cc/KNZ2-4Y2D. Indeed, internal agency notes and presentation slides reportedly show that EPA intends to "publish[] the final rules in the *Federal Register* in mid-December."

*See* Jean Chemnick, *Internal Docs: Zeldin Races Ahead Without Analysis in Endangerment Rollback*, E&E News (Sept. 24, 2025), Dkt. No. 64-2.

Meanwhile, CWG members have also stated publicly that, notwithstanding Defendants' assertion that the CWG has now been dissolved, the CWG "is still working" and "plan[s] to respond to comments and issue a revised report." *See* Dkt Nos. 52, 52-1 (statement of Dr. Curry); *see also* Dkt. No. 50-1 at 12 (noting that Dr. Koonin suggested that the CWG would still respond to public comments); Scott Waldman, *Disbanded DOE Climate Group Vows to Continue Work*, E&E News (Sept. 11, 2025, 6:13 AM) (Dr. Curry stating, "The five of us decided that we have unfinished business, personally, as scientists, and we will respond to the serious comments and we will prepare a revised report.").

Time is thus now of the essence to ensure that Plaintiffs can receive complete relief on their claims for past and ongoing violations of FACA.

## ARGUMENT

Local Rule 16.1(f) contemplates the entry of a scheduling order that "will govern the pretrial phase of the case." Unless the Court determines otherwise, "the scheduling order shall include specific deadlines or general time frameworks for," among other things, "the amendment of the pleadings," the "service of, and compliance with, written discovery requests," and "the completion of depositions, including, if applicable, the terms for taking and using videotape depositions." Local Rule 16.1(f).

The Court should enter such a scheduling order here. The Court has already recognized that Plaintiffs are suffering an informational injury from Defendants' withholding of CWG records. Dkt. 57 at 4. While the Court found that this injury was not irreparable in denying Plaintiffs' motion for a preliminary injunction, that finding was based on the assumption that

Plaintiffs could "receive th[e] documents in time to challenge a possible future rescission of the Endangerment Finding in court." *Id.* at 4–5. But now that EPA apparently intends to finalize the rescission of the Endangerment Finding within the next six weeks, there is a significant risk that Plaintiffs may not receive the CWG records in time to use them in any challenge to the rescission of the Endangerment Finding, unless this litigation proceeds swiftly and is resolved expeditiously. Under the federal Clean Air Act, challenges to the Endangerment Finding rescission must be filed as petitions for review in the U.S. Court of Appeals for the D.C. Circuit within 60 days of rule publication, and that court's review will be on the basis of EPA's administrative record. 42 U.S.C. 7607(b)(1), (d)(7).

Plaintiffs' proposed scheduling order would ensure that this case proceeds in a timely fashion. First, the order directs the DOE Defendants (but not the EPA Defendants) to file an administrative record by December 1, 2025. Although Plaintiffs do not believe that production of an administrative record is necessary in this case given the nature of Plaintiffs' legal claims, Defendants have stated that they intend to produce such a record. Hr'g Tr. 25:10–12 ("[T]he government would be producing an administrative record in this case."). Plaintiffs have no objection to their doing so, provided that production of the record does not materially delay these proceedings and that Plaintiffs retain the ability to pursue discovery after the administrative record is produced if the record is incomplete or extra-record discovery of the DOE Defendants is otherwise warranted.

Second, the proposed scheduling order allows Plaintiffs to commence immediately limited discovery as to Defendant CWG. Because the CWG is not an "agency" within the meaning of the APA, Plaintiffs have not asserted any APA claims against the CWG. Judicial review of Plaintiffs' claims against the CWG thus would not be limited to the administrative

record, as the legal basis for such a record is based solely on the APA's judicial review provisions. *See* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record."). The proposed scheduling order directs the CWG to respond to any written discovery requests within 10 calendar days, to ensure that any objections can be promptly addressed.

Third, the proposed order authorizes Plaintiffs to commence focused discovery into the EPA Defendants' involvement in the establishment and utilization of the CWG. As noted, the Court has already recognized that factual issues related to EPA's involvement could not likely be resolved based on an administrative record alone. Hr'g Tr. 25:13–25 ("[I]t isn't a record, it's a dispute about the involvement of EPA . . . ."). Accordingly, Plaintiffs intend to serve limited discovery requests and deposition notices focused on the EPA Defendants' involvement with the CWG. The scheduling order proposes that defendants respond to any written discovery requests within 14 days. This limited discovery will be critical to adjudicating Defendants' contention that EPA was not in any way involved in the creation or management of the CWG, and the relevant records and information would likely not be contained within any administrative record.

This proposed schedule takes account of the current posture of the case, while pressing matters forward given the significant time-sensitivity now present. Especially since this Court has already rejected Defendants' sole merits defense, Plaintiffs should not lose the ability to obtain complete relief on their meritorious claims due to the mere passage of time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed scheduling order.

November 18, 2025

Respectfully submitted,

/s/ Megan M. Herzog
Sean H. Donahue (D.C. Bar. 450940)*
Megan M. Herzog (BBO No. 682948)
DONAHUE, GOLDBERG & HERZOG
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com
megan@donahuegoldberg.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar 1016621)*
Lynn D. Eisenberg (D.C. Bar 1017511)*
John Robinson (D.C. Bar 1735989)*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

Vickie L. Patton (CO Bar 30370)*
ENVIRONMENTAL DEFENSE FUND
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

Erin Murphy (FL Bar 1000501)*^
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

*Admitted Pro hac vice
^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)

## LOCAL RULE 7.1 CERTIFICATE

I certify that from November 15 to November 17, 2025, I attempted to hold a meet and confer with counsel for Defendants regarding the foregoing request for relief, but counsel for Defendants declined to meet and indicated his opposition to this motion.

*/s/ Daniel F. Jacobson*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this motion with the Court's ECF system, which sends notice to all parties.

*/s/ Daniel F. Jacobson*