## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-12249-WGY |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

I.  PLAINTIFFS' MOTION FOR DISCOVERY SHOULD BE DENIED................................. 3

    A.  Plaintiffs' Discovery Motion Is Unnecessary And Improper Because The Court Has Granted Partial Summary Judgment On The FACA Claims. ........................................... 3

    B.  Plaintiffs' Demand For Discovery From EPA Defendants Should Be Denied. .............. 5

    C.  An Administrative Record Is Unnecessary. ..................................................................... 6

    D.  Plaintiffs' Discovery Demands Are Improper. ................................................................ 7

        1.  There Is A Strong Presumption Against Discovery In APA Cases. ....................... 7

        2.  The Demands Are Overbroad And Unduly Burdensome. ...................................... 9

        3.  Plaintiffs Have Not Met Their Burden To Justify Expedited Discovery. ............. 10

CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Atieh v. Riordan*,
    727 F.3d 73 (1st Cir. 2013) ........................................................................................... 7

*Camp v. Pitts*,
    411 U.S. 138 (1973) ...................................................................................................... 7

*Comprehensive Cmty. Dev. Corp. v. Sebelius*,
    890 F. Supp. 2d 305 (S.D.N.Y. 2012) ........................................................................... 8

*Deakins v. Monaghan*,
    484 U.S. 193 (1988) ...................................................................................................... 3

*Fort Devens Rifle & Pistol Club, Inc. v. United States Army Garrison Fort Devens*,
    No. 22-cv-11288-MJJ, 2024 U.S. Dist. LEXIS 88365 (D. Mass. May 16, 2024) ..................... 3

*Gonzalez v. Rxo Last MILE, Inc.*,
    No. 19-10290-TSH, 2022 U.S. Dist. LEXIS 248396 (D. Mass. Dec. 12, 2022) ..................... 4

*Halawi Inv. Trust v. Boston Merch. Fin., Ltd.*,
    No. 13-11631-NMG, 2014 U.S. Dist. LEXIS 75420 (D. Mass. June 2, 2014) ......................... 6

*Heckler v. Ringer*,
    466 U.S. 602 (1984) ...................................................................................................... 4

*Int'l Junior Coll. of Bus. & Tech., Inc. v. Duncan*,
    937 F. Supp. 2d 202 (D.P.R. 2012), *aff'd*, 802 F.3d 99 (1st Cir. 2015) ................................... 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ...................................................................................................... 6

*New Balance Ath. Shoe, Inc. v. Converse, Inc.*,
    86 F. Supp. 3d 35 (D. Mass. 2015) ............................................................................. 10

*Nuclear Regul. Comm'n v. Texas*,
    605 U.S. 665 (2025) ...................................................................................................... 4

*NVE Inc. v. HHS*,
    436 F.3d 182 (3d Cir. 2006) .......................................................................................... 8

*Pro. Sports Servs. FI OY v. Grossman*,
    770 F. Supp. 3d 394 (D. Mass. 2025) ................................................................. 10

*Quinteros v. Capital Ventures Int'l, LLC (In re Quinteros)*,
    No. 20-2884 (ABJ), 2021 U.S. Dist. LEXIS 156989 (D.D.C. Aug. 13, 2021) ......... 6

*Sierra Club v. Jackson*,
    648 F.3d 848 (D.C. Cir. 2011) ............................................................................... 3

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ............................................................................................... 6

*Stein v. Collins*,
    No. 3:23-cv-30100-KAR, 2025 U.S. Dist. LEXIS 187096 (D. Mass. Sep. 23, 2025) .............. 5

*Theidon v. Harvard Univ.*,
    No. 15-cv-10809-LTS, 2016 U.S. Dist. LEXIS 126490 (D. Mass. Sep. 16, 2016) ................... 9

*United States v. W.T. Grant Co.*,
    345 U.S. 629 (1953) ............................................................................................... 4

*Univ. of Cal. Student Ass'n v. McMahon, Civil Action*,
    No. 25-354, 2025 U.S. Dist. LEXIS 132740 (D.D.C. Mar. 18, 2025) ...................... 8

## STATUTES

5 U.S.C. § 706 .................................................................................................................. 7

42 U.S.C. § 7607(b) ....................................................................................................... 11

## FEDERAL AND LOCAL CIVIL RULES

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 5

Local Civil Rule 16 of the U.S. District Court for the District of Massachusetts ............... 3, 8, 10

## <u>INTRODUCTION</u>

Plaintiffs' discovery demands are improper and unnecessary because there are no outstanding merits issues to be decided.

Defendants acknowledge this Court's Order on summary judgment holding that the Department of Energy (DOE) Climate Working Group (CWG) is covered by the Federal Advisory Committee Act (FACA). ECF No. 57 at 5-10. There is nothing left to address in this litigation except remedy. Plaintiffs' motion is thus unnecessary and should be denied because there is no legitimate need for discovery in connection with their claims in this action.

Denial of the motion would accommodate an orderly and expeditious resolution of this case consistent with this Court's Order, which has changed the landscape. Before Plaintiffs filed their motion, Defendants proposed that the parties meet and confer in a manner that would allow the constructive and confidential exchange of views for next steps in the case. However, Plaintiffs would not agree to that meeting. DOE remains willing to engage in good faith discussions with Plaintiffs about next steps in this case, including the scope of an appropriate remedy under FACA.

Rather than accept the Court's judgment, Plaintiffs took the extraordinary step of demanding expedited discovery from the Government with respect to a DOE working group that has been disbanded and an ongoing rulemaking that can only be reviewed in the D.C. Circuit pursuant to the Clean Air Act. The appropriate and efficient course of action would be to deny all discovery; deny discovery from the Environmental Protection Agency (EPA) Defendants during the pendency of their motion to dismiss on jurisdictional grounds; find that DOE has no burden to compile an administrative record on an issue that has already been decided; and avoid the myriad, serious issues about Plaintiffs' discovery demands. The parties' energies should be brought to bear to bring this case to a close, not in pursuit of time-consuming and useless discovery.

## BACKGROUND

The background is set forth in this Court's Order which granted in part Plaintiffs' motion for summary judgment and denied Plaintiffs' motion for a preliminary injunction. ECF No. 57.

In that Order, this Court addressed Plaintiffs' motion for summary judgment requesting "this court to declare the Climate Working Group an advisory committee subject to FACA." ECF No. 57 at 6. In good faith and in reliance on FACA's text and case law, "[t]he Defendants oppose[d] [the] motion for summary judgment on the grounds that the Climate Working Group is exempt from FACA because it was 'assembled to exchange facts or information with a Federal official.'" *Id.* (citation omitted). This Court rejected Defendants' contention, noting that the Secretary of Energy undisputedly invited the CWG members to participate and finding that the CWG Report authors "have provided 'advice or recommendations.'" *Id.* at 8-9.  This Court granted partial summary judgment to Plaintiffs and held that the CWG was an advisory committee subject to FACA.  ECF No. 57 at 5-10.  Defendants acknowledge this Court's Order and reserve all rights of appeal, but do not otherwise contest the merits of Plaintiffs' FACA claims against DOE.

This Court's Order stated "[n]ext steps" were to be discussed at a Hearing scheduled for September 23, 2025.  ECF No. 57 at 10.  That Hearing, however, did not go forward.  On October 22, 2025, this Court granted the Defendants' "MOTION to Stay Proceedings in Light of Lapse in Appropriations." ECF No. 67. The Government's appropriations were restored effective November 13, 2025.  ECF No. 69 at 1.  On November 14, 2025, Defendants offered to meet and confer with Plaintiffs to address any deadlines "with the hope of avoiding unnecessary motion practice." *Id.* at 1. Instead, Plaintiffs moved to compel sweeping, expedited discovery without

allowing reasonable time for consultation, and without identifying a contested issue to which discovery would be directed. ECF No. 70.[1]

## I.    PLAINTIFFS' MOTION FOR DISCOVERY SHOULD BE DENIED.

### A.    Plaintiffs' Discovery Motion Is Unnecessary And Improper Because The Court Has Granted Partial Summary Judgment On The FACA Claims.

Under Article III of the Constitution, federal courts are limited to "the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Consistent with this principle, "[i]t has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011) (citation and internal quotation marks omitted). Plaintiffs' discovery demands are unnecessary and academic for three reasons.

*First*, on September 17, 2025, this Court granted summary judgment to Plaintiffs and against DOE, holding that the CWG was an advisory committee under FACA. ECF No. 57 at 5-10.  Given that the Court granted summary judgment on the FACA claims against DOE, there is no basis or need for the discovery sought by Plaintiffs – the merits as to DOE have been decided. *Fort Devens Rifle & Pistol Club, Inc. v. United States Army Garrison Fort Devens*, No. 22-cv-11288-MJJ, 2024 U.S. Dist. LEXIS 88365, at *5-6 (D. Mass. May 16, 2024) (denying plaintiff's

---

[1] Local Civil Rule 16, which is invoked by Plaintiffs (ECF No. 70 at 1, 6), calls for consultation over at least a 21-day period.  Plaintiffs did not comply with this Rule and did not afford Defendants sufficient time to consult. On Saturday, November 15, 2025, Plaintiffs insisted on a meet and confer on Monday morning, November 17, 2025 – notice of less than one-half business day. After some back and forth, on November 17, 2025, Defendants' counsel was constrained to inform Plaintiffs: "It appears Plaintiffs do not agree that a meet and confer would be subject to the confidentiality protections of FRE 408. Therefore, at this time, we oppose discovery but otherwise we have not had sufficient time to consult our clients."

discovery requests regarding standing where defendant did not contest plaintiff's standing); *Gonzalez v. Rxo Last MILE, Inc.*, No. 19-10290-TSH, 2022 U.S. Dist. LEXIS 248396, at *3 (D. Mass. Dec. 12, 2022) ("There is no good faith reason to ask about the merits of certification after this court certified the class.").

*Second*, just as discovery should not go forward under Plaintiffs' now-resolved FACA claims, discovery is unavailable under Plaintiffs' *ultra vires* and mandamus claims. Because Plaintiffs have obtained relief under their Administrative Procedure Act (APA) claims, the same claims may not be asserted through *ultra vires* or mandamus claims.[2] *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) ("[U]ltra vires review is not available because [respondents] had an alternative path to judicial review."); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . ."). Where the Court has granted partial summary judgment on the FACA claims, discovery as to the *ultra vires* and mandamus claims is inappropriate.

*Third*, because Plaintiffs have prevailed against DOE on the FACA claims, discovery from the CWG members is unnecessary and inappropriate. The CWG has been dissolved as of September 3, 2025. ECF No. 44-1 (Secretary Wright authoritatively confirmed that DOE "dissolve[d] the Climate Working Group"). There is "no reasonable expectation" that the CWG will convene meetings or otherwise operate as a FACA committee in the future. *United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953).

Plaintiffs apparently contest the dissolution of the CWG. ECF No. 70 at 6 (citing media reports). But while individuals as individuals have a First Amendment right to speak, no private

---

[2] Consistent with this principle, Plaintiffs pled the *ultra vires* and mandamus claims only "[t]o the extent relief is not available against Defendants under" the FACA claims and "Plaintiffs have no adequate alternative remedy . . . ." ECF No. 1 ¶¶ 124, 129.

individual may purport to speak for the now-defunct CWG.  Plaintiffs offer no evidence to rebut the official statement of DOE confirming that the CWG has been dissolved. ECF No. 44-1 (authenticated letter of Secretary Wright); *Stein v. Collins*, No. 3:23-cv-30100-KAR, 2025 U.S. Dist. LEXIS 187096, at *8 n.5 (D. Mass. Sep. 23, 2025) ("[a] newspaper article is inadmissible hearsay").  DOE confirms here that the CWG was permanently dissolved and is not in operation.[3] Thus, Plaintiffs' motion for discovery should be denied.[4]

## B.   Plaintiffs' Demand For Discovery From EPA Defendants Should Be Denied.

Plaintiffs seek expedited depositions and written discovery from EPA Defendants concerning EPA's purported "involvement in the CWG."  ECF No. 70-1 ¶ 3.  If this Court does not deny that demand as unnecessary for the reasons stated above, Plaintiffs' demand upon EPA Defendants should be denied because they have moved for dismissal on jurisdictional grounds.

The EPA Defendants moved to dismiss Plaintiffs' claims against EPA under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF No. 47.  EPA Defendants demonstrated that "[DOE] Secretary Wright alone assembled the CWG" and "Plaintiffs' claims against EPA must be dismissed for lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted."  *Id.* at 1.  As the EPA Defendants demonstrated on their motion to dismiss, Plaintiffs lack standing to sue EPA with respect to a working group that it did not establish or actually manage or control (*id.* at 9), and the Clean Air Act channels jurisdiction over challenges to EPA's

---

[3] The individual CWG members have dedicated their professional lives to research, writing, and teaching in the field of climate science. Their participation in the former CWG does not prohibit them from exercising their First Amendment rights to speak, write, or associate as private citizens.

[4] Plaintiffs' proposed order makes no mention of the issue of remedy. That issue can and should be first addressed by the parties and briefed to the Court if a dispute remains. To this end, Defendants are willing to engage with Plaintiffs in good faith discussions on the issue of remedy and report to the Court no later than December 31, 2025.

rulemaking and its rulemaking record to the D.C. Circuit alone. *Id.* at 13-18.  Plaintiffs opposed this motion.  ECF No. 58. The motion is pending.

When a defendant raises subject matter jurisdiction under Rule 12(b)(1), the court must resolve the issue before proceeding to the merits. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  A court is presumed to lack jurisdiction unless it affirmatively appears, and plaintiffs bear the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is thus appropriate to stay discovery pending the disposition of a motion to dismiss on jurisdictional grounds. *Halawi Inv. Trust v. Boston Merch. Fin., Ltd.*, Civil Action No. 13-11631-NMG, 2014 U.S. Dist. LEXIS 75420, at *6-7 (D. Mass. June 2, 2014) ("[court] will also stay all discovery [] until it decides whether it has jurisdiction over this case"). A stay is particularly appropriate where, as here, expedited discovery is sought during the pendency of a motion to dismiss.  *Quinteros v. Capital Ventures Int'l, LLC (In re Quinteros)*, Civil Action No. 20-2884 (ABJ), 2021 U.S. Dist. LEXIS 156989, at *30 (D.D.C. Aug. 13, 2021).  Plaintiffs cite to colloquy about EPA's alleged involvement with CWG (ECF No. 70 at 3), but consideration of that issue is unnecessary in light of this Court's Order resolving the merits and is, in any event, premature due to EPA's pending jurisdictional motion.

Accordingly, discovery should be dismissed during the pendency of the EPA Defendants' motion to dismiss on jurisdictional grounds.

### C.    An Administrative Record Is Unnecessary.

Plaintiffs seek an order compelling the DOE Defendants to file "the administrative record by December 1, 2025."  ECF No. 70-1 ¶ 1.  At a hearing on September 11, 2025, Defendants stated their expectation at the time that the Government would be producing an administrative record in this case.  However, the Court's September 17, 2025 Order resolved the merits of the FACA claims

against DOE based on the parties' statements of material facts and briefing on Plaintiffs' motion. An administrative record is now unnecessary. Plaintiffs likewise "do not believe that production of an administrative record is necessary in this case given the nature of Plaintiffs' legal claims." ECF No. 70 at 7.  While Defendants previously argued in good faith that FACA did not apply to the CWG, the Court resolved that issue in Plaintiffs' favor. The merits of Plaintiffs' FACA claims against DOE are not otherwise contested, and the Court's Order thus obviates any need for an administrative record.  In light of the Court's Order granting their motion for summary judgment, Plaintiffs do not offer any rationale for why the DOE Defendants should be put to the burden and expense of preparing an admittedly now-pointless record.  Plaintiffs' request for an administrative record should be denied.

  **D.**  **Plaintiffs' Discovery Demands Are Improper.**

  Plaintiffs' discovery demands are procedurally and substantively improper, and the motion should be denied for these additional reasons.

   **1.**  **There Is A Strong Presumption Against Discovery In APA Cases.**

  Because FACA contains no private right of action, Plaintiffs' FACA claims are APA causes of action. ECF No. 1 at 29 (Count One); 32 (Count Two); 33 (Count Three); 35 (Count Four). In general, discovery is not available under the APA, which provides that "the court shall review the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made in the reviewing court."); *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("APA review, however, involves neither discovery nor trial."). "[T]he narrowness of the APA action for judicial review weighs heavily

against discovery." *Int'l Junior Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 204-05 (D.P.R. 2012), *aff'd*, 802 F.3d 99 (1st Cir. 2015).

The rationale underlying this general limit on discovery was confirmed in a recent, well-reasoned decision in the D.C. District Court:

> This limit on discovery, which flows from the text of the APA itself, see 5 U.S.C. § 706, stands in stark contrast to the Court's broad discretion to order discovery under Federal Rule of Civil Procedure 26 in non-APA cases. It reflects Congress's judgment that the civil discovery rules are incompatible with the APA, and their application to federal agencies would likely hinder the workings of another branch of government. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971). "Were the rule otherwise, every challenge to administrative action would turn into a fishing expedition into the motives of the defendant agency." *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005).

*Univ. of Cal. Student Ass'n v. McMahon*, Civil Action No. 25-354, 2025 U.S. Dist. LEXIS 132740, at *5 (D.D.C. Mar. 18, 2025). *Accord NVE Inc. v. HHS*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process."). Accordingly, in the APA context, "the standard discovery tools of civil litigation -- including depositions, interrogatories, and, germane here, wide-ranging document production [] -- do not apply." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012).

Contrary to these limitations, Plaintiffs make sweeping, unlimited demands for expedited discovery under Local Rule 16. ECF No. 70 at 1, 6. Plaintiffs purport to employ the standard discovery tools of civil litigation -- including undisclosed "deposition notices" and "written discovery requests" (ECF No. 70-1) -- in circumstances where no discovery request has been served, no document has been described, no witness has been identified, no Rule 16 conference has been requested or convened, and the Court has granted summary judgment on Plaintiffs' FACA claims against DOE. Plaintiffs' approach is incompatible with the APA.

## 2. __The Demands Are Overbroad And Unduly Burdensome.__

Plaintiffs' anticipated discovery demands are "overbroad and unduly burdensome." *Theidon v. Harvard Univ.*, No. 15-cv-10809-LTS, 2016 U.S. Dist. LEXIS 126490, at *6 (D. Mass. Sep. 16, 2016) (citing Fed. R. Civ. P. 26(b)).

Plaintiffs are targeting "any defendant" with expedited and unlimited "written discovery demands and/or deposition notices" concerning EPA's alleged "involvement in the CWG." ECF No. 70-1 ¶ 3. This discovery demand has no rational boundaries.

Plaintiffs' motion is a classic fishing expedition. The true goal of their motion is not to vindicate their interests under FACA – this Court has already decided the merits of those claims against DOE. Plaintiffs' objective is to delay and prematurely undermine a contemplated future policy decision by a different agency: namely, EPA's proposed reconsideration of its 2009 greenhouse gas endangerment finding. Plaintiffs' demanded discovery is clearly outside the ambit of any live claim before this Court.

Plaintiffs' demand upon CWG is equally objectionable. ECF No. 70-1 ¶ 2. "Plaintiffs have not asserted any APA claims against the CWG" (ECF No. 70 at 7) and Plaintiffs' *ultra vires* and mandamus claims against the CWG are pled only in the alternative, "[t]o the extent that relief is not available" under the APA claims or "Plaintiffs have no adequate alternative remedy[,]" ECF No. 1 ¶¶ 124, 129—which, as explained, is not the case because the Court's Order resolved the merits of the FACA claims against DOE. Plaintiffs' open-ended demand for expedited written discovery and depositions from the now-dissolved CWG is unreasonable. Plaintiffs fail to offer any argument explaining the basis or need for sweeping discovery from CWG. *Id.* at 7-8. CWG has been dissolved (ECF No. 44-1) and Plaintiffs never address whether discovery could even be sought from a defunct, nonexistent entity.

9

### 3.  **Plaintiffs Have Not Met Their Burden To Justify Expedited Discovery.**

The expedited nature of Plaintiffs' demands renders the discovery burdens patently unreasonable.  Plaintiffs seek to override the usual time-frame and parameters for discovery. *See*, *e.g.*, ECF No. 70-1 ¶ 2 (discovery demanded "within 10 days").  Plaintiffs invoke Local Rule 16 (ECF No. 70 at 1, 6), but they have not sought or engaged in a Rule 16 scheduling conference. *Pro. Sports Servs. FI OY v. Grossman*, 770 F. Supp. 3d 394, 400 (D. Mass. 2025) (deferring plaintiff's request for expedited discovery schedule until the Rule 16 conference). Nor have Plaintiffs made any evidentiary showing that they face a risk of irreparable harm to justify the burdens of expedited discovery. *New Balance Ath. Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 37 (D. Mass. 2015).

Plaintiffs' demand for expedited discovery is based on speculation about EPA's possible timelines and work schedules during the lapse of appropriations. ECF No. 70 at 5-7. The Government's motion for a stay was based on the DOJ's lack of appropriations (not the EPA's). Ultimately, the lapse siphoned the time of EPA personnel from their work and reduced efficiency.

Indeed, Plaintiffs only argument for why expedited discovery is necessary is that EPA has publicly stated an intention to issue a final rule on the Endangerment Finding reconsideration before the end of the year, and Plaintiffs "will be prejudiced if they cannot obtain [CWG records] before EPA rescinds the Endangerment Finding."  ECF No. 70 at 2.  Notwithstanding the fact that Plaintiffs inappropriately presuppose the substantive outcome of EPA's rulemaking process, the fact remains that Plaintiffs had an opportunity to comment on the proposed rule, including any relevant aspect of the CWG report.  ECF No. 47 at 5-7.  EPA is now considering those comments. To the extent that Plaintiffs later wish to seek review of the forthcoming final rule, including any arguments about the CWG report, they may do so according to the procedures governed by the

Clean Air Act's exclusive provisions for judicial review. 42 U.S.C. § 7607(b). There is no risk Plaintiffs will suffer irreparable harm if this case proceeds, as it should, to the remedy stage. Because Defendants acknowledge this Court's summary judgment Order, no remaining merits issues require discovery, much less expedited discovery.

## **CONCLUSION**

Given this Court's Order, this case can and should be resolved without the extraordinary and unauthorized discovery sought by Plaintiffs. Protracted litigation in this Court is unnecessary and should be avoided. The parties should instead meet and confer regarding the appropriate remedy following the Court's September 17, 2025 Order; if the parties cannot agree on remedy, they should submit a joint status report containing either a joint schedule or separate proposed schedules for briefing the issue of remedy for the Court.

Respectfully submitted,

Dated: December 2, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email: John.J.Halloran.Jr@usdoj.gov

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have filed this document with the Court's ECF system, which sends

notice to all parties identified on the NEF.

Date: December 2, 2025

<u>*/s/ John J. Halloran, Jr.*</u>
JOHN J. HALLORAN, JR.
Trial Attorney
United States Department of Justice