**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*, <br><br>     *Plaintiffs*, <br><br> v. <br><br> CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*, <br><br>     *Defendants*. | Case No. 1:25-cv-12249 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SCHEDULING ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    A.    Defendants Have Newly Decided Not to Contest that FACA Applies .............................. 2

    B.    The Court Should Order Defendants to Immediately Produce FACA Records ................ 4

    C.    The Court Should Order Briefing on Other Remedies as to DOE and the CWG .............. 5

    D.    The Court Should Permit Limited Discovery on the CWG's Continued Work ................ 5

    E.    The Court Should Enter a Schedule for Discovery on EPA's Role .................................... 6

CONCLUSION ............................................................................................................................... 7

## INTRODUCTION

In their opposition brief filed three days ago, Defendants asserted for the first time that they will no longer contest that the Climate Working Group (CWG) was subject to, and violated, the Federal Advisory Committee Act (FACA). Defendants seek to downplay this change in litigation posture by claiming that the Court already granted summary judgment to Plaintiffs on this question, but that is plainly incorrect. Defendants had previously argued that a certain exception to FACA applied, and the Court granted summary judgment "as to the non-applicability of the exception only." ECF No. 57 at 9-10. Defendants' choice to concede liability, on the precipice of a hearing on discovery, is a tactical one.

That choice carries consequences. For one, there is now no basis for Defendants to delay producing all records that FACA requires to be disclosed. FACA requires agencies to affirmatively and proactively disclose committee records, and with Defendants now conceding that this FACA requirement applies to the CWG, Defendants must comply with their legal duty without delay. Obtaining these records immediately is of great importance to Plaintiffs because EPA may issue its final rule rescinding the Endangerment Finding any day.

Plaintiffs do agree, with one exception, that discovery from DOE and the CWG is no longer necessary given their confession of liability. The one exception is that limited discovery should be permitted on the disputed factual question of whether the CWG continues to operate and meet. Otherwise as to DOE and the CWG, the parties should undertake prompt briefing on the appropriate remedies against these Defendants. This briefing should occur in parallel to discovery as described above and with respect to EPA's involvement with the CWG.

Defendants' concession does not moot Plaintiffs' claims that EPA took part in the FACA violations, by working in secret with DOE to establish the CWG and use its work for purposes of

rescinding the Endangerment Finding. Those claims against EPA remain very much live, and obtaining relief against EPA would provide meaningful benefits to Plaintiffs beyond any relief afforded as to DOE and the CWG. Defendants have raised only jurisdictional arguments in their motion to dismiss EPA, and limited jurisdictional discovery into EPA's actual role in establishing and utilizing the CWG is more than warranted.

## ARGUMENT

### A. Defendants Have Newly Decided Not to Contest that FACA Applies

Plaintiffs do not seek to unnecessarily dwell on the back-and-forth between the parties, which is far less important than the path ahead to ensure Plaintiffs obtain timely relief for Defendants' now-admitted violations of law. However, as relevant to the pending motion and the path ahead, Plaintiffs briefly correct certain inaccurate characterizations and recounting of events by Defendants in their opposition brief, as well as new developments since that filing.

The central premise of Defendants' filing is that, "on September 17, 2025, this Court granted summary judgment to Plaintiffs and against DOE, holding that the CWG was an advisory committee under FACA." Defs' Opp'n to Pls' Mot. for Discovery ("Opp."), ECF No. 73, at 3; *see also id.* at 1 (claiming that this Court held that "the Climate Working Group (CWG is covered by the Federal Advisory Committee Act"). But that is not true. Although Plaintiffs sought a summary judgment declaration that the CWG was subject to FACA, *see* ECF No. 16 at 18, this Court limited its grant of partial summary judgment to rejecting the government's defense that the CWG fell under an exception for groups "assembled to exchange facts or information with a Federal official." The Court held: "the Plaintiff's Motion for Summary Judgment is GRANTED but as to non-applicability of the exception only." ECF No. 57 at 9-10.

Around the same time the Court entered this decision, the Court scheduled a hearing for

September 23 on EPA's motion to dismiss, but that hearing was canceled.

Thus, when Plaintiffs moved on October 20 for a scheduling order that would permit limited discovery to go forward, it was in the context of the Court's order not fully resolving the claims against DOE and the CWG, EPA's motion to dismiss remaining pending, and the significant time-sensitivity due to EPA's plan to finalize its rescission of the Endangerment Finding in December. Because this matter was stayed due to the government shutdown, the schedule that Plaintiffs proposed became moot, and Plaintiffs thus filed the instant renewed motion for a scheduling order after the shutdown ended. When Defendants then notified the Court regarding the end of the shutdown and mentioned a desire to meet and confer with Plaintiffs, Plaintiffs immediately reached out to Defendants to hold a meet and confer.

At no point during this timeframe—when Plaintiffs filed their initial motion for a scheduling order, when Plaintiffs filed the renewed motion (and previewed it in advance for Defendants), and when Plaintiffs reached out to Defendants for a meet and confer—did Defendants indicate that they would no longer be contesting liability as to whether FACA applied to the CWG. Instead, Defendants refused to meet and confer with Plaintiffs unless Plaintiffs agreed to confidentiality protections for any conversation under Federal Rule of Evidence 408, which Plaintiffs did not see as appropriate for a discussion on case scheduling, and should not be a condition on meeting and conferring regardless.

On December 2, Defendants filed their opposition to the motion for a scheduling order, stating for the first time that they will "not . . . contest the merits of Plaintiffs' FACA claims against DOE." Opp. at 2. In light of this newly stated position, the next day, Plaintiffs reached out to Defendants to seek a meet and confer prior to this Court's hearing on December 8, to discuss which remedies, if any, that Plaintiffs have sought against DOE and the CWG that

3

Defendants would agree to. Plaintiffs also asked that Defendants immediately begin producing records of the CWG subject to disclosure under FACA, given that Defendants are no longer contesting that FACA applies, and that FACA imposes an affirmative duty on a federal advisory committee to disclose records.

Defendants responded that they were unable to meet and confer because "several decision makers are unavailable." Defendants did not respond to Plaintiffs' request that Defendants immediately begin producing the records that FACA requires to be disclosed. Plaintiffs then reiterated that question regarding records, but as of this filing, Defendants have not responded.

### B. The Court Should Order Defendants to Immediately Produce FACA Records

Given that Defendants now concede that the CWG is subject to FACA, the Court should order Defendants to immediately begin producing records that FACA requires to be disclosed, without the need for any further briefing on remedies. Section 10(b) of FACA mandates that an advisory committee's records "shall be available" to the public. 5 U.S.C. § 1009(b). Courts have confirmed that this provision "affirmatively obligates" the agency managing a committee to proactively "provide access to the identified materials," "even in the absence of a particular request." *Cummock v. Gore*, 180 F.3d 282, 289 (D.C. Cir. 1999).

With Defendants now agreeing that the CWG is subject to FACA, Defendants have a duty to disclose the records as required under the law, independent of this lawsuit and any other relief the Court grants. There is no basis for Defendants to delay doing so for a moment longer.

For Plaintiffs, obtaining prompt access to these records is of critical time-sensitivity because of the Clean Air Act's judicial review provision, which governs any lawsuit challenging EPA's rescission of the Endangerment Finding, and confines judicial review to the administrative record as defined in 42 U.S.C. § 7607(d)(7)(A). EPA could issue its final rule any

4

day. *See* ECF No. 64-2. It is therefore a race against time for Plaintiffs to obtain these records—to which Plaintiffs are entitled under FACA—to be assured that they will be able to use them in their anticipated challenges to EPA's final rule.

### C. The Court Should Order Briefing on Other Remedies as to DOE and the CWG

Plaintiffs partially agree with Defendants that, now that Defendants have conceded FACA applies, the parties should submit briefing on the appropriate remedies with respect to DOE and the CWG. Plaintiffs previously requested, among other relief, declaratory relief against DOE and the CWG, vacatur of DOE's actions under the Administrative Procedure Act, injunctive relief preventing future use of the CWG's report, and production of a *Vaughn* index for any relevant records that Defendants do not produce under FACA. ECF No. 16 at 19-20. The parties should brief the appropriateness of each of these forms of requested relief.

Plaintiffs respectfully request that this briefing occur promptly, in parallel to any other proceedings related to the EPA or the CWG. Although obtaining the CWG's records is most time-sensitive, the other forms of requested relief are time-sensitive as well. Clean Air Act challenges to EPA's final rule rescinding the Endangerment Finding must be filed within 60 days of that final rule, and the relief obtained in this case will impact the challenges and arguments to be made against the EPA rule.

If briefing on remedies against DOE and the CWG goes forward, Plaintiffs agree to withdraw their requests for an administrative record from DOE and discovery from the CWG, with one exception regarding discovery from the CWG described below.

### D. The Court Should Permit Limited Discovery on the CWG's Continued Work

Limited discovery remains warranted on whether the CWG continues to meet and work together as a group on the topics within its mandate. There is a remaining factual dispute over

5

this question, and the answer will determine whether the Court should include as relief that the CWG must make its future meetings open to the public and disclose its records since the purported disbanding of the group.

Although Defendants assert that "[t]he CWG has been dissolved" and "[t]here is no reasonable extension that the CWG will convene meetings . . . in the future," Opp. 4, CWG members have said precisely the opposite. CWG member Judith Curry stated, after the purported dissolution of the CWG: "The Climate Working Group is still working and we plan to respond to comments and issue a revised report." ECF 52-1 at 6. Discovery is warranted and necessary to get to the bottom of whether the CWG is still carrying out its work and mandate for the federal government. Respectfully, given Defendants' actions to date related to the CWG—operating it illegally in secret for months, and then purporting to disband it immediately when the group's activities were challenged—the Court and Plaintiffs cannot accept on faith that Defendants are not engaged in a ploy to avoid FACA's transparency requirements.

### E. The Court Should Enter a Schedule for Discovery on EPA's Role

Finally, the Court should authorize limited jurisdictional discovery into EPA's role in establishing and utilizing the CWG. Defendants have raised only jurisdictional arguments in moving to dismiss EPA. See ECF No. 47 at 9-16. For instance, they argue that "Plaintiffs lack standing to sue EPA" because Plaintiffs purportedly have not adequately pleaded that EPA took part in the FACA violations (by working with DOE to establish and utilize the CWG).

As Plaintiffs explained in opposing the motion to dismiss, there is strong circumstantial evidence that EPA did work with DOE to establish and use the CWG's work, *see* ECF No. 58 at 9-17, but limited jurisdictional discovery is well-warranted to have a better picture of EPA's involvement before resolving EPA's jurisdictional defenses. The First Circuit has held that "[t]he

threshold showing that a plaintiff must present to the district court to merit limited discovery is relatively low," and that "a district court generally retains "broad discretion in determining whether to grant jurisdictional discovery." *Blair v. City of Worcester*, 522 F.3d 105, 110-11 (1st Cir. 2008). Indeed, the First Circuit has described its precedents as holding that "a party should be allowed to conduct jurisdictional discovery when its position is not frivolous." Id. (citing *Surpitski v. Hughes–Keenan Corp.,* 362 F.2d 254, 255–256 (1st Cir.1966); *see also Luxottica Grp., S.p.A. v. Lee*, 552 F. Supp. 3d 98, 102 (D. Mass. 2021) (allowing jurisdictional discovery where "the Court lacks adequate information to determine jurisdiction").

This Court already expressed at the prior hearing that discovery into "the involvement of EPA" was warranted, Hr'g Tr. 25:13-25, and Defendants offer no basis to deviate from that assessment. Defendants are wrong that "there are no outstanding merits issued to be decided" because they have conceded that FACA applies to the CWG. Opp. 1. Plaintiffs have alleged that EPA is liable for the FACA violations, and relief against EPA under the APA and potentially injunctive relief against EPA would be distinct from relief against DOE and the CWG. Defendants have not mooted Plaintiffs' claims against EPA.

## CONCLUSION

The Court should grant Plaintiffs' motion for a scheduling order, as clarified by this reply brief.

| | |
|---|---|
| December 5, 2025 | Respectfully submitted, |
| /s/ Megan M. Herzog | /s/ Daniel F. Jacobson* |
| Sean H. Donahue (D.C. Bar. 450940)* | Daniel F. Jacobson (D.C. Bar 1016621)* |
| Megan M. Herzog (BBO No. 682948) | Lynn D. Eisenberg (D.C. Bar 1017511)* |
| DONAHUE, GOLDBERG & HERZOG | John Robinson (D.C. Bar 1735989)* |
| 1008 Pennsylvania Avenue, SE | JACOBSON LAWYERS GROUP PLLC |
| Washington, DC 20003 | 1629 K Street NW, Suite 300 |
| (202) 277-7085 | Washington DC, 20006 |
| sean@donahuegoldberg.com | (301) 823-1148 |
| megan@donahuegoldberg.com | dan@jacobsonlawyersgroup.com |
| | lynn@jacobsonlawyersgroup.com |
| | john@jacobsonlawyersgroup.com |

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

*Counsel for Plaintiffs Environmental Defense Fund and Union of Concerned Scientists*

Vickie L. Patton (CO Bar 30370)*
ENVIRONMENTAL DEFENSE FUND
2060 Broadway, Suite 300
Boulder, CO 80302
(720) 837-6239
vpatton@edf.org

Erin Murphy (FL Bar 1000501)*^
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org

*Counsel for Plaintiff Environmental Defense Fund*

*Admitted Pro hac vice
^Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)