IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENVIRONMENTAL DEFENSE FUND, *et al.*

            *Plaintiffs*,

v.

CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,

            *Defendants*.

Case No. 1:25-cv-12249-WGY

**DEFENDANTS' MEMORANDUM CONCERNING THE APPLICABILITY
OF THE DELIBERATIVE PROCESS PRIVILEGE TO DISCLOSURES UNDER FACA**

**INTRODUCTION**

On December 8, 2025, this Court held a hearing on Plaintiffs' motion which raised the issue of production of documents under Section 10(b) of the Federal Advisory Committee Act ("FACA"). After the hearing, this Court ordered: "By 12/15/2025 the parties may file briefs on the deliberate process privilege. By 12/22/2025 defendants are to produce FACA Records and produce a Vaughn Index. Parties are to meet and confer and advise the Court by 12/22/2025 in writing a proposed schedule to address the remaining issues." ECF No. 78. Pursuant to the Court's order, the Department of Energy ("DOE") intends to produce FACA records and a Vaughn Index by December 22. Indeed, in a good-faith effort to comply with this Court's order, DOE has devoted substantial staff time working nights and weekends to analyze many thousands of pages of documents for production on short notice.

This Memorandum attempts to respond to the Court's order as it relates to the deliberative process privilege and its applicability to documents produced under Section 10(b) of FACA.[1] As demonstrated below, the applicability of the privilege is highly context-specific. Indeed, even the authority relied upon by Plaintiffs in their complaint (ECF No. 1 ¶ 74) confirms that exempt agency documents that the advisory committee used in its own deliberations would continue to receive the protection of the deliberative process privilege.

Defendants respectfully submit that this Court should refrain from any ruling on the extent to which the deliberative process privilege applies to this litigation. Such a ruling is

---

[1] Consistent with this Court's direction, this memorandum addresses only the potential applicability of the deliberative process privilege under FOIA Exemption 5 (5 U.S.C. § 552(b)(5)) and does not address other privileges including those incorporated in FOIA Exemption 5, such as the "attorney-client privilege, and attorney work-product privilege." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 263 (2021).

premature because DOE has not yet withheld any documents based on the deliberative process privilege, and at this time, it is unclear whether there will be any dispute over claims of privilege by DOE. Moreover, any ruling on the applicability of the privilege is inherently context-specific to each document and should be informed by DOE's privilege assertions in the forthcoming Vaughn Index.

## ARGUMENT

### I. THE DELIBERATIVE PROCESS PRIVILEGE PROTECTS IMPORTANT PUBLIC INTERESTS.

"FOIA mandates the disclosure of documents held by a federal agency unless the documents fall within one of nine enumerated exemptions." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (citing 5 U. S. C. § 552(b)). "[FOIA] Exemption 5 incorporates the privileges available to Government agencies in civil litigation, such as the deliberative process privilege, attorney-client privilege, and attorney work-product privilege." *Id.* at 263.[2]

The "deliberative process privilege . . . is a form of executive privilege" that serves the important public interests of "shield[ing] from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *United States Fish & Wildlife Serv.*, 592 U.S. at 267 (citations and internal quotation marks omitted). "The privilege is rooted in the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery

---

[2] Specifically, FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(b)(5).

2

and front page news." *Id.* "To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure." *Id.* "The privilege therefore distinguishes between predecisional, deliberative documents, which are exempt from disclosure, and documents reflecting a final agency decision and the reasons supporting it, which are not." *Id.* at 268.

The courts are solicitous of the deliberative process privilege and do not find a subject matter waiver in the event of disclosure of a document protected by the privilege. *In re Sealed Case*, 121 F.3d 729, 742 (D.C. Cir. 1997) ("[Subject matter waiver] has not been adopted with regard to executive privileges generally, or to the deliberative process privilege in particular. Instead, courts have said that release of a document only waives these privileges for the document or information specifically released, and not for related materials.").

## II. SECTION 10(B) OF FACA INCORPORATES FOIA EXEMPTIONS.

Section 10(b) of the Federal Advisory Committee Act (FACA), provides:

> Subject to section 552 of Title 5, United States Code, the records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee shall be available for public inspection and copying at a single location in the offices of the advisory committee or the agency to which the advisory committee reports until the advisory committee ceases to exist.

5 U.S.C. § 1009(b). By its text, Section 10(b) is "[s]ubject to section 552 of Title 5, United States Code" which is the Freedom of Information Act ("FOIA").

The courts have found that FOIA's exemptions generally apply to and limit productions under Section 10(b) of FACA. *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 446-47 (1989) ("FACA stipulates that advisory committee minutes, records, and reports be made available to the public, provided they do not fall within one of the Freedom of Information Act's exemptions, see 5 U. S. C. § 552, and the Government does not choose to withhold them. §

3

10(b)."); *Food Chem. News v. Dep't of Health & Human Servs.*, 980 F.2d 1468, 1472 (D.C. Cir. 1992) ("The language and structure of FACA express unequivocally that the Government is required to make available all *nonexempt* section 10(b) materials []") (emphasis added); *Cummock v. Gore*, 180 F.3d 282, 289-90 (D.C. Cir. 1999) ("the Government must make such materials available for public inspection and copying, even in the absence of a particular request, *unless 'the agency reasonably claims [the materials] to be exempt from disclosure pursuant to FOIA.'*") (citation omitted) (emphasis added); *NAACP Legal Def. & Educ. Fund, Inc. v. Wilkinson*, Civil Action No. 20-1132 (JDB), 2021 U.S. Dist. LEXIS 34110, at *49 (D.D.C. Feb. 24, 2021) ("[defendants] may withhold documents that are exempt under FOIA or otherwise privileged"); *Ctr. for Biological Diversity v. Tidwell*, 239 F. Supp. 3d 213, 227 (D.D.C. 2017) ("The government is required to make section 10(b) materials available to the public as a matter of course, *unless a FOIA exception applies*.") (emphasis added).

### III. THE APPLICABILITY OF THE DELIBERATIVE PROCESS PRIVILEGE SHOULD NOT BE ASSESSED IN THE ABSTRACT.

The subject of the applicability of the deliberative process privilege is highly fact-intensive. For example, the D.C. Circuit has found FOIA Exemption 5 to be applicable to FACA. *See, e.g.*, *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 106 (D.C. Cir. 1976) ("A plain reading of the above quoted statutes establishes that the provisions of the Federal Advisory Committee Act which require open public meetings do not apply to any advisory committee meeting which the head of an agency determines is concerned with inter-agency or intra-agency memorandums."), *reh'g denied*, 535 F.2d 101, 109 (1976). *Aviation Consumer Action Project* did not squarely address the deliberative process privilege but sustained the decision of an advisory committee to invoke FOIA Exemption 5 to allow a closed meeting to discuss an agency memorandum that summarized various proposals and recommendations relating to future planning

4

of programs, policies and objectives. *Id.* at 104. *See also Nader v. Dunlop*, 370 F. Supp. 177, 180 (1973) ("advisory committees [meetings shall be] open to public access except to the extent that there is a specific finding made by the Director of the Cost of Living Council that the meeting, or a portion thereof, is to discuss a document which is specifically exempt from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)."). *See also Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011) ("FACA explicitly incorporates FOIA into the standard for public disclosure of committee reports, presumably with its exemptions intact.").[3]

Plaintiffs point to one decision suggesting that FOIA Exemption 5's deliberative process privilege is inapplicable to Section 10(b). ECF No. 1 ¶ 74 citing *Heartwood, Inc. v. U.S. Forest Serv.*, 431 F. Supp. 2d 28, 36 (D.D.C. 2006). *Heartwood,* however*,* confirms that "[e]xempt agency documents that the advisory committee used in its own deliberations would also continue to receive the protection of the FOIA exception." *Id.* at 36 n.6.

The Department of Justice's Office of Legal Counsel ("OLC") has rendered an opinion addressing the subject of the applicability of FOIA Exemption 5's incorporated deliberative process privilege to document productions under FACA. *See Disclosure of Advisory Committee Deliberative Materials*, 12 U.S. Op. Off. Legal Counsel 73 (Apr. 29, 1988) ("OLC Opinion").[4]

The OLC Opinion confirms that the application of the deliberative process privilege depends on the context and facts and circumstances in which the document is created and used.

---

[3] This Memorandum does not address the potential applicability of FOIA Exemption 5 and its incorporated deliberative process privilege to the conduct of meetings under Section 10(d) of FACA.

[4] The OLC Opinion is available online (https://www.justice.gov/file/150951/dl (Accessed on Dec. 15, 2025)).

5

For example, the OLC Opinion makes it clear that FOIA Exemption 5 applies to "privileged 'inter-agency or intra-agency' documents prepared by an agency and transmitted to an advisory committee." *Id.* at 74. In other words, "documents prepared by an agency do not lose the protection of [E]xemption 5 by virtue of the fact that they are delivered to an advisory committee." *Id.* at 77.

"[M]any documents that are part of the advisory committee process will not be subject to disclosure. Section 10(b) itself applies only to materials made available to or prepared for or by an advisory committee established by statute or reorganization plan or established or utilized by the President or an agency." *Id.* at 75 (citations omitted). "[I]n determining whether a document is to be disclosed the first issue is not whether it is subject to an exemption under 5 U.S.C. § 552 but whether it meets this threshold definition." *Id.*

The OLC Opinion describes various situations in which the deliberative and predecisional documents of the advisory committee itself are subject to disclosure. *See, e.g., id.* at 82 n. 28 ("an advisory committee cannot invoke exemption 5's inter-agency exemption to protect materials prepared by it and in its possession.").[5]

## **CONCLUSION**

The foregoing authorities demonstrate that privilege decisions should not be made in the abstract. Instead, this Court should defer ruling on the potential applicability of the deliberative process privilege until Defendant DOE has prepared and served the required Vaughn Index, which would provide the Court with the requisite information for determining whether the privilege is applicable. *Maynard v. CIA*, 986 F.2d 547, 556-57 (1st Cir. 1993) (citation omitted) ("An adequate

---

[5] The U.S. General Services Administration (GSA), which has authority to administer FACA under 5 U.S.C. § 1006(c) and Executive Order 12024, has issued regulations that provide additional guidance about the requirements of FACA. *See, e.g.*, 41 C.F.R. § 102-3.35 (policies governing use of subcommittees); 41 C.F.R. § 102-3.160 (activities of an advisory committee not subject to the notice and open meeting requirements of the Act).

Vaughn index serves three functions: it forces the government to analyze carefully any material withheld, it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court."). Given the important interests implicated by the privilege, Defendant DOE respectfully requests that this Court abstain from addressing what is, at this time, an abstract and hypothetical issue about the potential applicability of a privilege. If Plaintiffs disagree with any privilege assertions in the Vaughn Index that will accompany DOE's forthcoming production of FACA 10(b) documents, they may challenge specific claims of privilege, and the Court can address those disputes in their full factual context.

                Respectfully submitted,

Dated: December 15, 2025            BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email: John.J.Halloran.Jr@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed this document with the Court's ECF system, which sends notice to all parties identified on the NEF.

Date: December 15, 2025

                                                                            */s/ John J. Halloran, Jr.*
                                                                            JOHN J. HALLORAN, JR.
                                                                            Trial Attorney
                                                                            United States Department of Justice