**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-12249-WGY |
| CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS' RESPONSE MEMORANDUM ON REMEDIES

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 2

    I.      Statutory Background ................................................................... 2

    II.     Factual and Procedural Background ......................................... 2

          A.    The Climate Working Group ................................................. 2

          B.    Procedural History ............................................................... 3

ARGUMENT ........................................................................................................... 4

    I.      PLAINTIFFS' DEMAND FOR RELIEF AGAINST CWG IS
         UNSUPPORTABLE. ..................................................................... 5

          A.    Plaintiffs Have Not Established Liability Against The Non-
               Existent CWG. ....................................................................... 5

          B.    CWG Has Been Dissolved. .................................................... 6

          C.    68,000 Pages Of CWG Records Have Been Disclosed To
               Plaintiffs. ............................................................................... 8

          D.    The Court Cannot Grant Relief Against Former Members Of
               The CWG In Their Private Capacities. .................................. 8

    II.     PLAINTIFFS' DEMANDS FOR USE INJUNCTIONS AGAINST
         DEFENDANT DOE SHOULD BE REJECTED ........................... 9

          A.    Plaintiffs Have Not Demonstrated Irreparable Injury ......... 9

          B.    There Is No Basis To Impose A Draconian Use Injunction. ... 9

          C.    Plaintiffs' Demands Related To The Operation Of CWG Are
               Moot.. ................................................................................... 13

          D.    This Court Has Remedied Any Informational Injury. ......... 16

          E.    Mandamus And *Ultra Vires* Theories Provide No Basis For
               Relief. .................................................................................. 16

    III.    DECLARATORY RELIEF AGAINST DOE SHOULD BE DENIED. ......... 16

i

**CONCLUSION** ...............................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Abruzzi Foods, Inc. v. Pasta & Cheese, Inc.*,
  986 F.2d 605 (1st Cir. 1993) ............................................................... 7

*ACLU of Mass. v. U.S. Conf. of Cath. Bishops*,
  705 F.3d 44 (1st Cir. 2013) ............................................................... 13

*Ala.-Tombigbee Rivers Coal., v. Dep't of Interior*,
  26 F.3d 1103 (11th Cir. 1994) ............................................................ 11

*Am. Trucking Asso. v. United States*,
  755 F.2d 1292 (7th Cir. 1985) ............................................................ 12

*Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*,
  879 F. Supp. 103 (D.D.C. 1994) ........................................................ 14

*C.B. v. Bd. of Sch. Comm'rs*,
  261 F. App'x 192 (11th Cir. 2008) ..................................................... 12

*Cargill, Inc. v. United States*,
  173 F.3d 323 (5th Cir. 1999) ............................................................. 10

*Citizens for Responsibility & Ethics in Washington v. Duncan*,
  643 F. Supp. 2d 43 (D.D.C. 2009) ..................................................... 14

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ...................................................................... 13, 15

*Ctr. for Biological Diversity v. Tidwell*,
  239 F. Supp. 3d 213 (D.D.C. 2017) ................................................... 14

*Dunlap v. Presidential Advisory Comm'n on Election Integrity*,
  464 F. Supp. 3d 247 (D.D.C. 2020) ................................................ 6, 14

*Freedom Watch, Inc. v. Obama*,
  859 F. Supp. 2d 169 (D.D.C. 2012) ................................................ 6, 14

*Greene v. Ablon*,
  794 F.3d 133 (1st Cir. 2015) ............................................................... 5

*Hansberry v. Lee*,
  311 U.S. 32 (1940) .............................................................................. 9

*Hartford-Empire Co. v. United States,*
   323 U.S. 386 (1945) ................................................................................ 11

*Hewitt v. Helms,*
   482 U.S. 755 (1987) ................................................................................ 17

*Idaho Wool Growers Assoc. v. Schafer,*
   637 F. Supp. 2d 868 (D. Idaho 2009) .................................................... 12

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,*
   985 F.3d 122 (1st Cir. 2021) ................................................................. 16

*Indus. Safety Equip. Asso. v. EPA,*
   656 F. Supp. 852 (D.D.C. 1987) ........................................................... 12

*Miccosukee Tribe of Indians v. S. Everglades Restoration All.,*
   304 F.3d 1076 (11th Cir. 2002) ............................................................... 6

*Monsanto Co. v. Geertson Seed Farms,*
   561 U.S. 1393 (2010)……………………………………………………………...……5, 7

*NAACP Legal Def. & Educ. Fund, Inc. v. Barr,*
   Civil Action, No. 20-1132 (JDB), 2020 U.S. Dist. LEXIS 203703
   (D.D.C. Nov. 2, 2020) ................................................................. 8, 10, 11

*Nat. Res. Def. Council v. Pena,*
   147 F.3d 1012 (D.C. Cir. 1998) ..................................................... *passim*

*Nat'l Ass'n of Consumer Advocates v. Uejio,*
   521 F. Supp. 3d 130 (D. Mass. 2021) ................................................... 12

*Nat'l Nutritional Foods Ass'n v. Califano,*
   457 F. Supp. 275 (S.D.N.Y. 1978), *aff'd,* 603 F.2d 327 (2d Cir. 1979). ................................. 11

*Nat'l Nutritional Foods Ass'n v. Califano,*
   603 F.2d 327 (2d Cir. 1979) ................................................... 11, 15, 17

*NBC-USA Hous., Inc., Twenty-Six v. Donovan,*
   674 F.3d 869 (D.C. Cir. 2012) .............................................................. 17

*NRDC v. Zinke,*
   No. 18-cv-6903 (AJN), 2020 U.S. Dist. LEXIS 178094 (S.D.N.Y. Sep. 28, 2020) ................ 14

*Nuclear Regul. Comm'n v. Texas,*
   605 U.S. 665 (2025) ................................................................................ 16

*Pub. Citizen v. Dep't of Just.*,
  491 U.S. 440 (1989)...................................................................................... 2

*Rhodes v. Stewart*,
  488 U.S. 1 (1988)....................................................................................... 17

*Sierra Club v. U.S. Dep't of Energy*,
  134 F.4th 568 (D.C. Cir. 2025)..................................................................18

*Stein v. Collins*,
  No. 3:23-cv-30100-KAR, 2025 U.S. Dist. LEXIS 187096 (D. Mass. Sep. 23, 2025) .............. 7

*Steir v. Girl Scouts of the USA*,
  383 F.3d 7 (1st Cir. 2004)........................................................................... 14

*Sugar Cane Growers Coop. of Fla. v. Veneman*,
  289 F.3d 89 (D.C. Cir. 2002)...................................................................... 12

*Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO*,
  884 F.3d 48 (1st Cir. 2018)........................................................................ 13

*United States v. Or. State Med. Soc'y*,
  343 U.S. 326 (1952)................................................................................... 15

W. *Org. of Res. Councils v. Bernhardt*,
  412 F. Supp. 3d 1227 (D. Mont. 2019)...................................................... 1

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008)......................................................................................... 5

**Statutes**

5 U.S.C. app.  §§ 1–15 ................................................................................. 2

5 U.S.C. app. § 2 .......................................................................................... 2

5 U.S.C. app. § 3 .......................................................................................... 2

28 U.S.C. § 1361 ........................................................................................ 16

**Regulations**

41 C.F.R. § 102-3.5...................................................................................... 17

90 Fed. Reg. 36150 (Aug. 1, 2025)......................................................... 3, 15

## INTRODUCTION

Defendants have acknowledged this Court's Order on summary judgment holding that the Department of Energy ("DOE") Climate Working Group ("CWG") is covered by the Federal Advisory Committee Act ("FACA"). Defendants have already produced to Plaintiffs over 68,000 pages of CWG records pursuant to the Court's Order of December 8, 2025, including drafts, emails and other documents. Defendants have withheld fewer than 300 pages on the basis of well-established privileges identified in a Vaughn Index. Plaintiffs nevertheless invite this Court to go far beyond what is necessary to remedy FACA violations and instead ask this Court to impose a litany of additional purported remedies against DOE and the CWG, including various injunctions, vacatur of amorphous past actions, and mandamus.

Plaintiffs' sweeping demands include relief against the CWG, even though CWG has been dissolved and there is no entity to which relief can be directed. Plaintiffs also seek myriad forms of injunctive relief against DOE, including: (i) a disfavored use injunction that would mandate the permanent removal of the CWG Report from DOE's website and enjoin the continued publication of the report on any DOE platform, and (ii) an injunction enjoining DOE from "tasking" the now-dissolved CWG with new assignments. Such demands would be ineffectual and moot because CWG was dissolved months ago, on September 3, 2025.

An extraordinary use injunction against DOE is unnecessary. This Court's prior orders have already provided effective relief under FACA. This Court's summary judgment order conferred declaratory relief, and this Court's December 8, 2025 Order required production of CWG records, which has been done. This Court should not grant Plaintiffs' demands for a use injunction compelling DOE to remove the CWG Report from the agency's website and enjoining

DOE's publication of the CWG report. Plaintiffs' proposed use injunction is especially inappropriate given that it has serious First Amendment implications and has punitive effect.

## BACKGROUND

### I. Statutory Background

FACA, 5 U.S.C. app. §§ 1–15, imposes a variety of requirements on "advisory committee[s]," which are defined to include "any committee . . . which is . . . established or utilized by the President, or . . . by one or more agencies, in the interest of obtaining advice or recommendations." 5 U.S.C. app. § 3(2). But FACA was not intended to apply to every formal and informal consultation between an agency and a group of experts. *Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 453 (1989).

The purpose of FACA "was to ensure that new advisory committees be established only when essential and that their number be minimized; that they be terminated when they have outlived their usefulness; that their creation, operation, and duration be subject to uniform standards and procedures; that Congress and the public remain apprised of their existence, activities, and cost; and that their work be exclusively advisory in nature." *Id.* at 446 (citing 5 U.S.C. app. § 2(b)).

### II.     Factual and Procedural Background

#### A.     The Climate Working Group

In March 2025, Secretary Wright invited five scientists to participate in a DOE Climate Working Group, to produce a report that would "encourage a more thoughtful and science-based conversation about climate change and energy[]" by "critically review[ing] the current state of climate science, with a focus on how it relates to the United States." CWG Report, ECF No. 17-1, at viii. Members were selected "for their rigor, honesty, and willingness to elevate the debate[,]"

and Secretary Wright "exerted no control over their conclusions." *Id.* The CWG members undertook their work "on the condition that there would be no editorial oversight by the Secretary, the Department of Energy, or any other government personnel[,]" and that "condition [w]as [] honored throughout the process and the writing team [] worked with full independence." *Id.* at x.

On July 29, 2025, DOE published the CWG Report, titled *A Critical Review of Impacts of Greenhouse Gas Emissions on the U.S. Climate*, and invited the public to submit comments via the Federal Register. *See* Notice of Availability: A Critical Review of Impacts of Greenhouse Gas Emissions on the U.S. Climate, 90 Fed. Reg. 36150 (Aug. 1, 2025). After DOE announced availability of the CWG Report on its website and requested public comments, *id.*, the CWG was formally dissolved by Secretary Wright on September 3, 2025. *See* Ex. 1, Decl. of Jeff Novak, ECF No. 44-1.

### B.   Procedural History

*Complaint*. Plaintiffs filed suit on August 12, 2025, naming Secretary Wright, Administrator Zeldin, DOE, EPA, and the CWG as Defendants. ECF No. 1. Plaintiffs claimed Secretary Wright and DOE violated FACA by forming and running the CWG. Plaintiffs specifically contended that the CWG was a FACA advisory committee, and that Defendants violated: (1) the procedural requirements for establishing a FACA committee, *id.* ¶¶ 98-104; (2) the open meeting requirements for FACA committees, *id.* ¶¶ 106-110; (3) FACA's records access requirements, *id.* ¶¶ 112-117; and (4) the requirement that a FACA committee's membership be "fairly balanced" and that "appropriate provisions" be made to prevent "inappropriately influence[]," *id.* ¶¶ 101, 119-122. Plaintiffs asserted that these alleged violations of FACA give rise to a claim under the APA. *Id.* ¶ 18. In the alternative, they seek to maintain this action under the Mandamus Act and through *ultra vires* review. *Id.* ¶¶ 124-131.

*Summary Judgment*.  On September 17, 2025, this Court granted in part Plaintiffs' motion for summary judgment and denied Plaintiffs' motion for a preliminary injunction. Order, ECF No. 57.  In that Order, this Court addressed Plaintiffs' motion for summary judgment requesting "this court to declare the Climate Working Group an advisory committee subject to FACA." *Id.* at 6. In good faith and in reliance on FACA's text and case law, "[t]he Defendants oppose[d] [the] motion for summary judgment on the grounds that the Climate Working Group is exempt from FACA because it was 'assembled to exchange facts or information with a Federal official.'" *Id.* (citation omitted). This Court rejected Defendants' contention, noting that the Secretary of Energy undisputedly invited the CWG members to participate and finding that the CWG Report authors "have provided 'advice or recommendations.'" *Id.* at 8-9 (citation omitted). This Court granted partial summary judgment to Plaintiffs and held that the CWG was an advisory committee subject to FACA.  *Id.* at 5-10.

*Remedies*.  On December 8, 2025, this Court ordered the parties to "meet and confer and advise the Court by 12/22/2025 in writing a proposed schedule to address the remaining issues." ECF No. 78. On December 22, 2025, the parties submitted a joint proposed schedule, which included a briefing schedule for "plaintiffs' brief on remedies with regard to the U.S. Department of Energy (DOE) and the Climate Working Group (CWG)."  ECF No. 84.  On December 23, 2025, this Court adopted the proposed schedule. ECF No. 85. Accordingly, Plaintiffs' current application for remedies was filed on January 5, 2026, and is expressly limited to claims for remedies against the now-dissolved CWG and DOE.  Pls.' Br. On Remedies with Respect to the Dep't of Energy & the Climate Work Group, (Pl. Br.), ECF No. 86.

## ARGUMENT

Plaintiffs' overarching demand is for a permanent injunction which "is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). "An injunction should not be granted where 'a less drastic remedy' will suffice." *Greene v. Ablon*, 794 F.3d 133, 157 (1st Cir. 2015) (quoting *Monsanto Co.*, 561 U.S. at 165-66). To establish the need for injunctive relief, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 156-57. A plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction[,]" and a mere possibility of future injury will not suffice. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). Plaintiffs have not met this standard and their motion for extraordinary relief should be denied.

## I.    PLAINTIFFS' DEMAND FOR RELIEF AGAINST CWG IS UNSUPPORTABLE.

### A.    Plaintiffs Have Not Established Liability Against The Non-Existent CWG.

Plaintiffs' demands against defendant CWG rest on the erroneous premise that CWG still exists. Pl. Br., ECF No. 86 at 3. It does not. Indeed, the Court's ruling addressed the FACA claims (pled through the APA) against DOE (ECF No. 57 at 5-10), but was silent as to the *ultra vires* and mandamus claims against CWG. Plaintiffs pled the *ultra vires* and mandamus claims only to the extent relief was not available against other defendants. ECF No. 1 ¶¶ 124, 131; *see also* Defs.' Opp'n to Pls.' Mot. for Discovery, ECF No. 73 at 8, 13 (explaining that because the Court granted relief on the APA claims for violation of FACA, Plaintiffs' *ultra vires* and mandamus claims are

unavailable).  At the hearing on December 8, 2025, government counsel confirmed: "this Court's order has essentially resolved the merits of the FACA claims *against the Department of Energy*." 12/8/25 Hr'g Tr., ECF No. 86-1 at 5-6 (emphasis added).  Accordingly, Plaintiffs have not established liability against defendant CWG.

### B.    <u>CWG Has Been Dissolved.</u>

The evidentiary record shows that CWG has been dissolved as of September 3, 2025. ECF No. 44-1 (Secretary Wright authoritatively confirmed that DOE dissolved the Climate Working Group). Defendants reaffirmed that "CWG was permanently dissolved and is not in operation." ECF No. 73 at 5.  There is no doubt that CWG has been dissolved, and this moots all claims for relief against CWG.  *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 464 F. Supp. 3d 247, 264 (D.D.C. 2020) ("Courts in the D.C. Circuit have routinely held that claims based on FACA's non-document, procedural requirements are mooted when the relevant advisory committee ceases to exist."); *Freedom Watch, Inc. v. Obama*, 859 F. Supp. 2d 169, 174 (D.D.C. 2012) ("Because there are no grounds to find that the alleged committee, even if it did at some point exist, exists at present, the case is moot with respect to [plaintiff's] claims for advance notice of, and the ability to participate in, any future meetings of the [committee], and with respect to [plaintiff's] claim for the appointment of 'at least one person with a different point of view' to the committee."); *Miccosukee Tribe of Indians v. S. Everglades Restoration All.*, 304 F.3d 1076, 1081-82 (11th Cir. 2002) (affirming dismissal of claims for a declaratory judgment and injunction against the defunct FACA group because such remedies would afford plaintiff no meaningful relief).

Plaintiffs make no competent, evidentiary showing that CWG has not been dissolved. Plaintiffs cite out-of-court articles to question whether the CWG was dissolved.  Pl. Br., ECF No.

86 at 10, 14.  That hearsay should be accorded no weight.  *Abruzzi Foods, Inc. v. Pasta & Cheese, Inc.*, 986 F.2d 605, 606 (1st Cir. 1993) (Breyer, J.) (newspaper article is not admissible evidence); *Stein v. Collins*, No. 3:23-cv-30100-KAR, 2025 U.S. Dist. LEXIS 187096, at *8 n.5 (D. Mass. Sep. 23, 2025) ("[a] newspaper article is inadmissible hearsay").  That a former member of the defunct CWG was said to speak "'*[p]ersonally*'" in offering her own unofficial views to a journalist (POLITICO, Pl. Br., ECF No. 86 at 10) (emphasis added)) does not rebut Secretary Wright's official statement that CWG was dissolved on September 3, 2025.  ECF No. 44-1.[1]

The dissolution of CWG moots Plaintiffs' claims for injunctive relief against both CWG and DOE, including the demand that this Court preclude CWG from performing future work, in the furtherance of the mandate or tasking that DOE or another federal agency has provided or does provide to the CWG.  Pl. Br. 2, 9-10, 14, 17.  Plaintiffs have presented no competent evidence that EPA, or any federal entity other than DOE, established or utilized the CWG or provided it any "mandate or tasking." They fall far short of meeting their burden to prove they are entitled to injunctive relief.  *See Monsanto*, 561 U.S. at 163 (affirming four-factor test for permanent injunctive relief and holding court order "prohibiting any partial deregulation improperly relieve[d] respondents of their burden to make the requisite evidentiary showing").  In any event,

---

[1] Notably, Plaintiffs present no evidence that DOE has continued to utilize the CWG in any manner since the Secretary of Energy's September 3, 2025, letter dissolving the CWG. Plaintiffs cite an internet media article that purports to selectively quote statements by Dr. Judith Curry from an unspecified timeframe, including that "[t]he Climate Working Group has been contacted about the NCA," and "[p]ersonally, I would work with whoever's in charge to get a reasonable outline and get reasonable authors." The documents Defendants have already produced to Plaintiffs illustrate that some of the CWG's activities -- while it existed -- involved criticism of past National Climate Assessments. ECF No. 86-2 (May-June 2025 email chain).  Nothing about Dr. Curry's statements indicates she is referring to anything other than the DOE CWG's past work (while it existed); or that DOE is continuing to seek advice from or otherwise utilize the former CWG following the Secretary's September 3, 2025 dissolution (ECF No. 44-1).

the dissolution of CWG renders the risk of future "tasking" remote and speculative, and Plaintiffs

cannot show a real and immediate threat of injury.

      **C.**     **<u>68,000 Pages Of CWG Records Have Been Disclosed To Plaintiffs.</u>**

     Plaintiffs seek an order compelling CWG to produce documents under Section 10(b) of

FACA. Pl. Br., ECF No. 86 at 14. Plaintiffs do not, however, inform this Court that more than

68,000 pages of documents have already been disclosed to Plaintiffs consistent this Court's

December 8, 2025 order. Plaintiffs' demand for an order for production of documents is puzzling

because this Court entered that order on December 8, 2025, and records have already been

produced that might have subject to Section 10(b) had DOE considered the CWG to be subject to

FACA in the first instance. [2]

      **D.**     **<u>The Court Cannot Grant Relief Against Former Members Of The</u>**
             **<u>CWG In Their Private Capacities.</u>**

     Plaintiffs incorrectly point to the private actions of former members of the now-dissolved

CWG in support of their claims for relief. Pl. Br., ECF No. 86 at 10, 14. Those private individuals

have a First Amendment right to freely speak, write, meet and confer upon topics of personal or

professional interest in their capacity as private citizens. *NAACP Legal Def. & Educ. Fund, Inc.

v. Barr*, Civil Action No. 20-1132 (JDB), 2020 U.S. Dist. LEXIS 203703, at *17-18 (D.D.C. Nov.

2, 2020) ("*NAACP*"). This Court should not entertain a request for any form of relief that would

interfere, directly or indirectly, with the First Amendment rights of private individuals who are

---

[2] Due to an inadvertent document processing/imaging error connected to the expedited production of the 68,000 pages on December 22, 2025, a subset of documents did not show certain notations (*i.e.*, "bubble comments" in the margins). Undersigned government counsel learned of this technical problem for the first time on Saturday, January 10. To correct this problem, Defendants re-imaged 337 Microsoft Word files and 33 Microsoft Excel files and made a supplemental production on January 16, 2026, which provided a new set of these documents.

nonparties to this action. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

## II.    PLAINTIFFS' DEMANDS FOR USE INJUNCTIONS AGAINST DEFENDANT DOE SHOULD BE REJECTED.

### A.    Plaintiffs Have Not Demonstrated Irreparable Injury.

In prior proceedings, Plaintiffs claimed that they faced irreparable harm in the absence of CWG records. ECF No. 57 at 3-5. This Court properly found that Plaintiffs failed to demonstrate irreparable harm under these circumstances. *Id.* Now that more than 68,000 pages of Section 10(b) documents have been produced to Plaintiffs, any informational injury Plaintiffs might have had in the past no longer exists. The mere publication of the CWG Report, standing alone, poses no threat of immediate and irreparable injury to Plaintiffs. Plaintiffs fall far short of meeting their burden to establish an ongoing or imminent irreparable injury that could justify a permanent injunction.

### B.    There Is No Basis To Impose A Draconian Use Injunction.

Plaintiffs demand a use injunction compelling DOE to permanently remove the CWG Report from its website and barring DOE's "ongoing publication" of the CWG report "on the DOE website or any other official DOE platforms or channels." Pl. Br., ECF No. 86 at 1, 2, 9, 11-12, 17. This extraordinary demand for a sweeping use injunction should be rejected.

"Because of its First Amendment implications, punitive effect and likely standing complications, a use injunction should be the remedy of last resort." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1025 (D.C. Cir. 1998) ("*NRDC*"); *id.* at 1027 (reversing and remanding where the district court had issued an injunction prohibiting the agency from using a dissolved

committee's report); *id.* at 1017 (use injunction deemed the "'most Draconian'" relief available). *Accord Cargill, Inc. v. United States*, 173 F.3d 323, 342 (5th Cir. 1999) (citing *NRDC*, 147 F.3d at 1025) ("we join the District of Columbia Circuit in concluding that 'a use injunction should be the remedy of last resort.'").

Consistent with these constraints, courts have routinely rejected requests for use injunctions. *See*, *e.g.*, *NRDC*, 147 F.3d at 1021 (reversing permanent use injunction where the advisory committee "has been dissolved and will no longer meet, deliberate or generate documents or records"); *NAACP*, 2020 U.S. Dist. LEXIS 203703, at *14 ("[denying] use injunction that completely prohibits defendants from releasing or using any report produced by the unlawfully constituted [advisory committee].").

This Court's prior orders demonstrate that a use injunction is unnecessary to provide effective relief under FACA.  As the D.C. Circuit held, a court's prior orders and declaratory relief provide plaintiffs with "ammunition for their attack on the [advisory committee's] findings." *NRDC*, 147 F.3d at 1026 n.6. And an order compelling disclosure of Section 10(b) documents "redresse[s] any informational injury [plaintiffs] may have sustained." *Id.*  "All of this constitutes 'effective relief' for FACA violations." *Id.* (citation omitted).  Similarly, this Court has granted declaratory relief to Plaintiffs (ECF No. 57) -- which they may use in their public advocacy and in the D.C. Circuit in challenging any EPA final rule. *Id.*  And the Court has further compelled production of Section 10(b) documents. These orders constitute effective relief for the FACA violations. A last-resort, disfavored use injunction is unnecessary under these circumstances.

Plaintiffs' proposed use injunction also has serious First Amendment implications. In *NAACP*, which Plaintiffs urge this Court to follow (Pl. Br., ECF No. 86 at 5, 13), the court rejected a plaintiff's demand to bar an agency from publishing an advisory committee's report, finding that

"[s]uch a remedy raises heightened First Amendment concerns." *NAACP*, 2020 U.S. Dist. LEXIS 203703, at *17-18 (citing *NRDC*, 147 F.3d at 1016).  Plaintiffs' demand to bar publication of the CWG Report raises similar First Amendment concerns, and this strongly militates against a use injunction in this case.

Use injunctions are also disfavored because they have a "punitive effect."  *NRDC*, 147 F.3d at 1025. An injunction "serves a remedial purpose, not a punitive one."  *Id.* at 1022 (citing *Hartford-Empire Co. v. United States*, 323 U.S. 386, 409 (1945)) ("We may not impose penalties in the guise of preventing future violations.").  The use injunction sought by Plaintiffs is not designed to, and would not prevent, any imminent, direct injury, but rather would impermissibly admonish and punish past governmental actions. This is unwarranted. *Nat'l Nutritional Foods Ass'n v. Califano*, 457 F. Supp. 275, 280 (S.D.N.Y. 1978) ("declaratory relief for the purpose of admonishing compliance with the FACA, if it should apply in some future context, seems unnecessary and unwarranted"), *aff'd*, 603 F.2d 327 (2d Cir. 1979).

Plaintiffs' demand for a use injunction is predicated on *Ala.-Tombigbee Rivers Coal. v. Dep't of Interior*, 26 F.3d 1103 (11th Cir. 1994).  Pl. Br., ECF No. 86 at 12-13. In that case, however, the Eleventh Circuit expressly limited its decision to its individual facts and noted that the D.C. Circuit and Second Circuit reached opposite results. *Ala.-Tombigbee Rivers Coal.*, 26 F.3d at 1106 n.8 ("[The D.C. Circuit and Second Circuit] merely found that on the individual facts of the cases before them, injunctive relief was inappropriate. We have different facts before us and, accordingly, reach a different result."). Subsequently, the Eleventh Circuit clarified that *Ala.-Tombigbee Rivers Coal.'s* approach was limited to extraordinary circumstances where "the Federal Advisory Committee Act [] would be eviscerated if such relief were not granted." *C.B. v. Bd. of*

11

*Sch. Comm'rs of Mobile Cnty.*, 261 F. App'x 192, 194 (11th Cir. 2008).[3] Given this Court's prior orders compelling compliance with FACA, there is no risk that FACA would be "eviscerated" absent a use injunction.

Plaintiffs' demand for a use injunction through the APA is unavailing. *See, e.g.*, Pl. Br., ECF No. 86 at 17 (seeking vacatur of "DOE's utilization of the CWG, including DOE's transmission of the CWG Report to EPA, and DOE's publishing the CWG Report on DOE's website with DOE's official Seal"). Plaintiffs' contention that the "APA dictates" that this Court set aside DOE's actions (Pl. Br., ECF No. 86 at 1) "is simply not the law." *Sugar Cane Growers Coop. of Fla. v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002) (remanding without vacatur). Vacatur need not be entertained where, as here, the challenged administrative action has already come to pass. *Sugar Cane Growers Coop. of Fla.*, 289 F.3d at 97 ("The egg has been scrambled and there is no apparent way to restore the status quo ante.").  In any event, relief concerning the CWG's Report is outside the purview of the APA. *See Indus. Safety Equip. Ass'n v. EPA*, 656 F. Supp. 852, 854 (D.D.C. 1987) ("the issuance of the Report is not reviewable agency action"); *Am. Trucking Ass'n v. United States*, 755 F.2d 1292, 1296 (7th Cir. 1985) ("We do not believe that the Commission's MC-166 Report is an agency 'action.'").

Accordingly, Plaintiffs' demand for a use injunction should be denied.

---

[3] Plaintiffs also rely upon district court decisions that cited *Ala.-Tombigbee Rivers Coal* but those decisions did not appear to recognize that *Ala.-Tombigbee Rivers Coal* had been limited to its facts and extreme circumstances. Pl. Br., ECF No. 86 at 12 (citing *Nat'l Ass'n of Consumer Advocs. v. Uejio*, 521 F. Supp. 3d 130, 144 (D. Mass. 2021); *W. Org. of Res. Councils v. Bernhardt*, 412 F. Supp. 3d 1227, 1242 (D. Mont. 2019); *Idaho Wool Growers Ass'n v. Schafer*, 637 F. Supp. 2d 868, 877 (D. Idaho 2009)).

C.    **Plaintiffs' Demands Related To The Operation Of CWG Are Moot.**

Plaintiffs' interconnected and repetitive demands for injunctive relief against DOE are predicated upon alleged *procedural* failures during the time of CWG's existence.[4]  Under settled law, such procedural claims are moot because CWG has been dissolved.

"Article III prohibits federal courts from deciding 'moot' cases or controversies — that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Unión de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO*, 884 F.3d 48, 57 (1st Cir. 2018) (citation omitted). "Another way of putting this is that a case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (citations omitted).

To bear their burden upon their claim for injunctive relief, Plaintiffs "must show that [they have] sustained or [are] immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations and internal quotation marks omitted). "To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief – 'the likelihood of substantial and immediate

---

[4] *See*, *e.g.*, ECF No. 1 ¶ E; Pl. Br., ECF No. 86 at 8, 16 (CWG's establishment); ECF No. 1 ¶¶ F, G; Pl. Br., ECF No. 86 at 8, 16-17 (transmission and publication of the CWG report); ECF No. 1 ¶ H; Pl. Br. ECF No. 86 at 9, 17 (seeking to enjoin CWG meetings and work);  ECF No. 1 ¶ J (seeking to enjoin citation to CWG report); *id.* ¶ K (seeking to enjoin deadline for comments on CWG report); Pl. Br., ECF No. 86 at 15 (noncompliance with FACA in "establishing and utilizing the CWG"); *id.* (lack of formalities in establishing the CWG); *id.* (no explanation about the need for the CWG); *id.* (lack of notice in the Federal Register announcing the creation of the CWG); *id.* (failure to file a charter); *id.* at 16 (lack of a balanced membership); *id.* (lack of broad outreach); *id.* (lack of provisions concerning special interests and appointing authority).

irreparable injury, and the inadequacy of remedies at law.'" *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004) (citation omitted).

"[C]laims based on FACA's [] procedural requirements are mooted when the relevant advisory committee ceases to exist." *Ctr. for Biological Diversity v. Tidwell*, 239 F. Supp. 3d 213, 223 (D.D.C. 2017) (quoting *Freedom Watch*, 859 F. Supp. 2d at 174; *id.* at 223 (citing *Freedom Watch*, 859 F. Supp. 2d at 174) ("Because there are no grounds to find that the alleged committee, even if it did at some point exist, exists at present, the case is moot with respect to . . . claims for advance notice of, and the ability to participate in, any future meetings of the [committee], and with respect to . . . the appointment of 'at least one person with a different point of view' to the committee."); *Citizens for Responsibility & Ethics in Wash. v. Duncan*, 643 F. Supp. 2d 43, 51 (D.D.C. 2009) ("Regarding the Department's other alleged FACA violations, including the violation of FACA's open meetings and charter requirements, the Department's establishment of the New Panel renders these claims moot."); *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 879 F. Supp. 103, 106 (D.D.C. 1994) ("Plaintiffs' suggestion that a declaratory judgment might be appropriate even if the working group has been terminated and all appropriate working group documents have been publicly released is also rejected. At that point, there will simply be no continuing case or controversy for judicial resolution. Nor will there be any basis for injunctive or other equitable relief. The case will in fact be moot, and defendants will be legally entitled to dismissal."); *Dunlap*, 464 F. Supp. 3d at 264 ("Courts in the D.C. Circuit have routinely held that claims based on FACA's non-document, procedural requirements are mooted when the relevant advisory committee ceases to exist."). *See also NRDC v. Zinke*, No. 18-cv-6903 (AJN), 2020 U.S. Dist. LEXIS 178094, at *10 (S.D.N.Y. Sep. 28, 2020) ("Courts agree that non-records claims like the ones here do not survive the termination of a FACA advisory committee").

14

Plaintiffs cannot show that they face the likelihood of a substantial and immediate injury as a result of the past, procedural transgressions related to the now-defunct CWG. *NRDC*, 147 F.3d at 1021 (reversing injunction where the advisory committee "has been dissolved and will no longer meet, deliberate or generate documents or records"). *See Nat'l Nutritional Foods Ass'n. v. Califano*, 603 F.2d 327, 336 (2d Cir. 1979) ("We likewise cannot fault the district judge for concluding that, in light of the Government's agreement not to reconvene this particular group, there was no need for an injunction.").

Because CWG was dissolved months ago, on September 3, 2025, Plaintiffs may not retroactively enjoin past procedural mistakes of a defunct advisory committee. *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations."). Past injury cannot justify declaratory or injunctive relief. *Lyons*, 461 U.S. at 101-02.

An injunction vacating the CWG's establishment or the conduct of nonexistent meetings of a nonexistent advisory committee would be meaningless. Plaintiffs seek to enjoin the drafting, completion, publication, utilization, and transmission of the CWG report; however, it is undisputed the CWG report was published on July 29, 2025. Defs.' Resp. to Pls.' Local Rule 56.1 Statement of Material Facts, ECF No. 45 at 6 (Def. Response No. 19). It is undisputed that the CWG Report has already been cited by DOE and was the subject of a now-completed public comment period. *Id.* at 6 (Def. Response No. 20) ("The CWG Report was made publicly available and DOE requested public input via Federal Register announcement. *See* 90 Fed. Reg. 36,150."); *id.* at 9 (Def. Response No. 28).

Accordingly, Plaintiffs' demands would be ineffectual in addressing discontinued practices and procedures connected to the now-dissolved CWG.

**D.**    **This Court Has Remedied Any Informational Injury.**

Plaintiffs' demand for another order compelling DOE's production of Section 10(b) documents (Pl. Br., ECF No. 86 at 17) is superfluous.  On December 8, 2025, this Court directed production of documents under Section 10(b) of FACA.  That production occurred on December 22, 2025, with production of more than 68,000 pages of Section 10(b) documents concerning CWG. This Court's recent Order directing the production of Section 10(b) documents and Defendants' delivery of those documents "redressed any informational injury [Plaintiffs] may have sustained." *NRDC*, 147 F.3d at 1026 n.6.

**E.**    **Mandamus And *Ultra Vires* Theories Provide No Basis For Relief.**

This Court's orders show that Plaintiffs' claims for relief under the Mandamus Act, 28 U.S.C. § 1361, and *ultra vires* review principles provide no basis for relief.  Pl. Br., ECF No. 86 at 1, 2-3, 13. Both "extraordinary" causes of action are unavailable when an adequate alternative remedy exists. *See Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 682 (2025) ("ultra vires review is not available because [plaintiffs] had an alternative path to judicial review."); *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 985 F.3d 122, 127 (1st Cir. 2021) ("the party seeking mandamus relief must demonstrate that there are no adequate alternative remedies available"). This Court's orders conferring relief under FACA constitute adequate alternative remedies which preclude claims for relief under mandamus and *ultra vires* theories.

**III.**    **DECLARATORY RELIEF AGAINST DOE SHOULD BE DENIED.**

Plaintiffs' demand for declaratory relief against DOE is superfluous, moot, and improperly predicated on GSA regulations.  Pl. Br., ECF No. 86 at 5-7, 15-16.

First, the requested declaratory relief is superfluous because this Court has already granted declaratory relief against DOE.  On September 17, 2025, this Court entered an Order granting

summary judgment to Plaintiffs that is the functional equivalent of a declaration of rights.  This Court granted summary judgment holding that the DOE's Climate Working Group (CWG) is covered by the Federal Advisory Committee Act (FACA). ECF No. 57 at 5-10. Defendants have acknowledged this Court's Order (ECF No. 73 at 2) and have produced more than 68,000 pages of Section 10(b) documents in compliance with this Court's subsequent order (ECF No. 78).  This Court's summary judgment Order is akin to declaratory relief and gives Plaintiffs "substantially the same relief as a declaratory order" arising from violations of FACA. *Nat'l Nutritional Foods Ass'n*, 603 F.2d at 336.  In practical terms, this sort of "declaratory relief" affords Plaintiffs ample "ammunition for their attack on the [CWG's] findings." *NRDC*, 147 F.3d at 1026 n.6.

Second, the dissolution of CWG moots Plaintiffs' claims for declaratory relief against DOE. Pl. Br., ECF No. 86 at 5-7, 15-16.  "Where an intervening event renders the underlying case moot, a declaratory judgment can no longer 'affect[] the behavior of the defendant towards the plaintiff,' and thus 'afford[s] the plaintiffs no relief whatsoever.'" *NBC-USA Hous., Inc. v. Donovan*, 674 F.3d 869, 873 (D.C. Cir. 2012) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) and *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)).

Third, Plaintiffs' demand for declaratory relief against DOE is improperly predicated on GSA regulations concerning federal advisory committee management that expressly state they create no private right of action.  Pl. Br. at 5-6, 15-16 (requesting declaratory relief based on GSA regulations). As the GSA has confirmed: "This part [102-3 of title 41, Code of Federal Regulations] is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person, including any advisory committee or officer, member, employee, agent, or contractor of any advisory committee." 41

C.F.R. § 102-3.5.  Because the regulations do not give rise to a private right of action, this Court should not enter an order declaring violations of specific provisions of them, as Plaintiffs demand. *See Sierra Club v. U.S. Dep't of Energy*, 134 F.4th 568, 573 (D.C. Cir. 2025) (holding executive order containing similar language unenforceable).  Thus, alleged violations of GSA regulations may not serve as a basis of relief in this case.

## **CONCLUSION**

For the foregoing reasons, this Court should not grant Plaintiffs' request for sweeping, permanent injunctive and related relief.  This Court's orders have already provided effective relief under FACA.

Respectfully submitted,

Dated: January 16, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email: John.J.Halloran.Jr@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed this document with the Court's ECF system, which sends notice to all parties identified on the NEF.

Date: January 16, 2026

<u>*/s/ John J. Halloran, Jr.*</u>
JOHN J. HALLORAN, JR.
Trial Attorney
United States Department of Justice