UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, INC.; AND UNION OF CONCERNED SCIENTISTS, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF ENERGY; LEE ZELDIN in his official capacity as Administrator of the U.S. Environmental Protection Agency; CLIMATE WORKING GROUP; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants. | CIVIL ACTION NO. 25-12249-WGY |

YOUNG, D.J.                                          January 23, 2026

**ORDER**

I.  **INTRODUCTION**

   The Plaintiffs, Environmental Defense Fund, Inc. and the Union of Concerned Scientists ("the Plaintiffs"), filed a Motion to Compel Disclosure of FACA Records Improperly Withheld. ECF No. 87. The Defendants filed a Memorandum in Opposition ("Mem. Opp'n"), ECF No. 91, and the Court heard argument on the matter on January 21, 2026. Electronic Clerk's Notes, ECF No. 95. At the hearing, the Court ruled orally on the applicability of the

Deliberative Process Privilege and took argument on Exemption 6 under advisement. Id. For the reasons stated below, the Motion is **GRANTED** in part and is otherwise **DENIED**.

The Federal Advisory Committee Act ("FACA") provides for disclosure of committee materials, subject to the exceptions enumerated in 5 U.S.C. § 552. See 5 U.S.C. § 1009(b). The Freedom of Information Act ("FOIA"), codified at 5 U.S.C. § 552, allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) ("Exemption 6"). Here, the Plaintiffs argue that nineteen records were partially withheld in improper reliance on Exemption 6. See Mem. Supp. Mot. Compel 3, ECF No. 88. The Defendants argue in response that the personal information of reviewers of the Climate Working Group report is properly withheld under Exemption 6. See Mem. Opp'n 16.

This Court now rules that the emails (all nineteen disputed documents are emails, see Ex. 6, ECF No. 89-6) authored by Climate Working Group members shall be disclosed in their entirety, with the names of the reviewers of the draft report disclosed. The reviewers' personal information – including email addresses, physical addresses, titles, dates of birth, etc. – may properly continue to be withheld under Exemption 6. See U.S. Dep't of State v. Washington Post Co., 456 U.S. 595,

[2]

600, 602 (1982) ("Information such as place of birth, date of birth, date of marriage, employment history, and comparable data is not normally regarded as highly personal," yet Exemption 6 applies to "Government records on an individual which can be identified as applying to that individual.")

This Court adopts the reasoning of the D.C. Circuit and proceeds to weigh any "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy." Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999) (quoting Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 874 (D.C. Cir. 1989)).

In this case, the privacy interest in non-disclosure only of names is not substantial. There is no evidence in the record that physical, reputational, or financial harm shall befall the reviewers. Cf. Jud. Watch, Inc. v. Food & Drug Admin., 449 F.3d 141, 153 (D.C. Cir. 2006) (in which the court cited evidence of "abortion clinic bombings," websites encouraging readers to "kill or kidnap employees," and "the danger of abortion-related violence" as relevant privacy interests); Mountgordon v. United States Coast Guard, 691 F. Supp. 3d 72, 92 (D.D.C. 2023) (in which the requested names involved allegations of bullying and workplace misconduct, which would result in reputational harm

[3]

resulting from being the subject of government investigations). While the Defendants promised these reviewers anonymity, see Mem. Opp'n 17, the release of their names only does not represent a "clearly unwarranted" invasion of their personal privacy as government employees offering scientific review of a report in their professional capacities. Cf. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595 (1982) (in which personal passport information of non-government employee individuals was requested, and the court ruled Exemption 6 applied); Stylianos v. United States Citizenship & Immigr. Servs., 516 F. Supp. 3d 114 (D. Mass. 2021) (Talwani, J.) (in which a personal marriage certificate was requested and the court ruled Exemption 6 applied).

Here, the public interest served in the FACA context warrants greater disclosure than in the ordinary FOIA context. See Pub. Law 92-463, 86 Stat. 770 (1972). The FACA was established "for the 'principal purpose' of 'enhanc[ing] [their] public accountability.'" Union of Concerned Scientists v. Wheeler, 954 F.3d 11, 17 (1st Cir. 2020) (quoting Pub. Citizen v. U.S. Dep't of Just., 491 U.S. 440, 459 (1989)). This Court ruled that the Climate Working Group was not exempt from the Federal Advisory Committee Act, and that the Group in fact gave "advice or recommendations for a renewed approach to climate policy" in its report. Env't Def. Fund, Inc. v.

[4]

Wright, 800 F. Supp. 3d 284, 289 (D. Mass. 2025). Since the Climate Working Group report was created absent compliance with the various public disclosure requirements of the FACA, the public did not have the opportunity to attend and participate in the formulation of the report as required by FACA. See 5 U.S.C. § 1009(a)(1) ("Each advisory committee meeting shall be open to the public"); 5 U.S.C. § 1009(a)(3) ("Interested persons shall be permitted to attend, appear before, or file statements with any advisory committee, subject to such reasonable rules or regulations as the Administrator may prescribe.")

Because the public lacked this opportunity to participate in the advisory committee process until after the report had been published, the various factors that the Climate Working Group members considered in drafting the report represent a compelling public interest. This includes the names of the individuals that the Committee members considered to review the draft prior to publication. Cf. Nova Oculus Partners, LLC v. SEC, 486 F. Supp. 3d 280, 290 (D.D.C. 2020) (in which the court ruled Exemption 6 applied to government employee identities when the employees worked on a single FOIA request for the Plaintiff on a matter of little public interest).

The Defendants' citations to Washington Post Co. v. Special Inspector Gen. for Afg. Reconstruction, 486 F. Supp. 3d 141 (D.D.C. 2020) and Ryan v. Dep't of Just., 617 F.2d 781 (D.C.

Cir. 1980) are inapposite, as those courts expressly did not decide either case under the auspices of Exemption 6. In Ryan, the D.C. Circuit ruled the Exemption 6 issue improperly raised on appeal, 617 F.2d at 792, and in Special Inspector the district court completed its analysis exclusively under Exemption 7(c). 486 F. Supp. 3d at 162 n.11.

Accordingly, the Motion to Compel as to the applicability of Exemption 6 is **GRANTED** in part as to the names only of the reviewers considered by the Committee members, and is otherwise **DENIED**. The Defendants shall produce the described information no later than February 28, 2026.

**SO ORDERED.**

_____
WILLIAM G. YOUNG
 JUDGE
 of the
 UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.