UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, INC.;<br>UNION OF CONCERNED SCIENTISTS,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CHRISTOPHER WRIGHT, in his<br>official capacity as Secretary of<br>Energy; UNITED STATES DEPARTMENT<br>OF ENERGY; LEE ZELDIN in his<br>official capacity as<br>Administrator of the U.S.<br>Environmental Protection Agency;<br>CLIMATE WORKING GROUP; and UNITED<br>STATES ENVIRONMENTAL PROTECTION<br>AGENCY,<br><br>                    Defendants. | CIVIL ACTION NO.<br>25-12249-WGY |

YOUNG, D.J.                                    January 30, 2026

## JUDGMENT

Environmental Defense Fund, Inc. and the Union of Concerned Scientists ("the Plaintiffs"), filed a Motion for Preliminary Injunction and a Stay, or, in the Alternative, For Summary Judgment or Consolidation Under Rule 65(a)(2). Pls.' Mot. Prelim. Inj., ECF No. 15. The Plaintiffs argued that the Climate Working Group met the statutory definition of an advisory committee under the Federal Advisory Committee Act ("FACA") and failed to comply with FACA's various procedural,

open records, and fair balance requirements.  Mem. Supp. Pls.'
Mot. Prelim. Inj. 8-15, ECF No. 16; Pub. Law 92-463, 86 Stat.
770 (1972).  The Plaintiffs asked that in the alternative of a
preliminary injunction, the Court enter summary judgement.  Id.
at 18.  The Defendants opposed the Motion, arguing that the
Climate Working Group was not subject to the requirements of
FACA because it was "assembled to exchange facts or information
with a Federal official."  Defs.' Mem. Opp'n 1, 3 n.1, ECF No.
43; 41 C.F.R. 102-3.40(e).  The Court denied the Plaintiffs'
motion for a preliminary injunction, but granted summary
judgement on the issue of whether the Climate Working Group was
exempt from FACA as a group "assembled to exchange facts or
information with federal officials."  Env't Def. Fund, Inc. v.
Wright, 800 F. Supp. 3d 284, 288 (D. Mass. 2025), ECF No. 57.
Following the Court's summary judgement ruling, the parties
submitted briefs on remedies.  See Pls.' Br. Remedies, ECF No.
86; Defs.' Resp. Mem. Remedies, ECF No. 92.  The Court now
**GRANTS** the Plaintiffs the requested declaratory relief.

The Defendants, in their Opposition and subsequent filings,
ignore the allegations relating to the FACA violations
themselves.  Rather, the Defendants argue only that these claims
are moot because the Climate Working Group has been dissolved.
See Defs.' Mem. Opp'n 11, Defs.' Resp. Mem. on Remedies 5-7, 13,
16-17.  The Defendants have not denied, for example, the

[2]

specific allegations that the Climate Working Group violated
FACA's requirements for establishing and utilizing an Advisory
Committee (Mem. Supp. Pls.' Mot. Prelim. Inj. 12, citing 41
C.F.R. § 102-3), holding open meetings (id. at 14), providing
open records (id.), and maintaining fair balance and influence
(id. at 15).  These violations are now established as matter of
law.

Pursuant to the Declaratory Judgement Act, 28 U.S.C. §
2201, the Court now **DECLARES**:

1. That the Climate Working Group was not exempt from the
   requirements of FACA.  The Climate Working Group was a
   Federal Advisory Committee, and not merely "assembled to
   exchange facts or information," but rather provided
   substantive policy "advice and recommendations" to the
   Department of Energy.  See Env't Def. Fund, Inc. v.
   Wright, 800 F. Supp. 3d 284, 289 (D. Mass. 2025) (citing
   41 C.F.R. 102-3.40(e); 5 U.S.C. § 1001(2)(A)).

2. That having ordered the production of documents and
   qualifying the application of the deliberative process
   privilege and personal privacy interests, the Court is
   satisfied that the government has remedied the
   informational injury established under 5 U.S.C. §
   1009(b).  See Env't Def. Fund, Inc. v. Wright, No. 25-

[3]

12249, 2026 WL 183484 (D. Mass. Jan. 23, 2026); Defs.
Notice of Compliance, ECF No. 98.

3. The Environmental Protection Agency is dismissed as a
   defendant therein.  The Court found no persuasive
   evidence of conduct violative of the FACA on the part of
   any entity outside of the Department of Energy and
   Secretary Wright.  See Elec. Clerk's Notes, ECF No. 94.


**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-
1865), would sign official documents. Now that I'm a Senior
District Judge I adopt this format in honor of all the judicial
colleagues, state and federal, with whom I have had the
privilege to serve over the past 47 years.

[4]